[Crim. No. 13586.    Second Dist., Div. Five.    May 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEONARD FLORES, Defendant and Appellant.

314

Robert L. Toms, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard H. Cooper, Deputy Attorney General, for Plaintiff and Respondent.

HUFSTEDLER, J.—Defendant appeals from a judgment convicting him of two counts of armed robbery (Pen. Code, § 211). He contends that the court erred in rejecting his defenses of prior conviction and double jeopardy in respect of count I and that his conviction on count III violated his constitutional rights to a speedy trial and denied him due process. The evidence of defendant's guilt upon the counts of which he was convicted was clearly adequate, and the defendant does not contend otherwise. All of the questions presented on appeal grow out of a tangle of procedural problems.

On May 16, 1966, a complaint was filed charging defendant with three counts of armed robbery: Count I charged him with robbing Robert F. Lewin on May 10, 1966; count II charged him with robbing Brenda Hunt on May 5, 1966; and count III charged him with robbing Gladys Pearl Lytle and Dorothy Fern Johnson on April 27, 1966. On May 12, 1966, defendant was arraigned in the municipal court, and he appeared with a public defender. At the commencement of the

proceeding, the public defender told the court that the defendant insisted on waiving his right to a preliminary hearing, his right to trial by judge or jury, and that defendant wanted to discharge the public defender and to proceed in propria persona. He explained that his client was aware of the charges, knew his legal and constitutional rights, and was further aware of the possible and probable sentence he would receive, having in mind his prior felony convictions. He told the court that his client wanted to avoid any delay and wanted to plead guilty. He said the defendant knew that probation would not be granted, and he wanted to waive his right to a probation report and receive his sentence as soon as possible. The court questioned the defendant very generally about his knowledge of his constitutional rights, and the defendant told the court that he was aware of his rights and he nevertheless wanted to discharge the public defender and proceed thereafter in propria persona.

The district attorney called the court's attention to the fact that section 859a of the Penal Code provides in part that "while the charge [a felony not punishable with death] remains pending before the magistrate and when his counsel is present, the defendant may, with the consent of the magistrate and the district attorney or other counsel for the people, plead guilty to the offense charged . . . and to the previous conviction or convictions of crime if charged. . . . The foregoing provisions of this section shall not be construed to authorize the receiving of a plea of guilty from any defendant not represented by counsel."[1]

The magistrate temporarily recognized that the defendant could not plead guilty without counsel, but explained that it could "take a waiver of the preliminary examination without accepting the plea to certify it to Superior Court, at which time a plea could be entered at that point." The court stated that it would "exercise its discretion at this point and refuse to receive a guilty plea unless the defendant is represented by counsel at this time in the proceedings. If the defendant wishes to, after consulting with counsel, waive his right to preliminary examination and have the matter certified for plea in the Superior Court for further proceedings, the Court would do so at this time." All counsel and the defendant

---

[1] Section 859a further provides that if the defendant subsequently files a written motion to withdraw the plea under section 1018 of the Penal Code, the motion shall be heard and determined by the court before which the plea was entered. There is nothing in the record indicating that defendant filed a written motion to withdraw the plea at any time.

himself agreed to waive statutory time for the setting of the preliminary hearing and further agreed to consider the cause as if set on that date for preliminary hearing. Immediately after receiving the agreement the court said, ''The Court has appointed a public defender for your guidance, and he has fully advised you and you have now discharged him, but you have been fully advised by him as to all of your rights, is that correct?'' The defendant replied, ''Correct.'' The deputy district attorney thereupon recited a list of constitutional rights available to the defendant and asked the defendant if he had been advised of all of those rights and if he fully understood them. The defendant replied affirmatively. The prosecuting attorney then stated, ''Now, the public defender who has previously been appointed for you has indicated that you wish to waive your right to a preliminary hearing at this time and to plead guilty to two counts of armed robbery in violation of section 211 of the Penal Code. Is that correct?'' The defendant again replied affirmatively. The court asked the prosecuting attorney to which of the three counts he was inviting a plea, and the prosecuting attorney replied, ''It makes no difference, your Honor, particularly. I would suggest perhaps counts I and II.'' The prosecuting attorney's designation was satisfactory to the court, and the prosecuting attorney then inquired of the defendant, ''Are you pleading guilty to those charges freely and voluntarily, without threat of force or fear to yourself or anyone closely associated with you?'' The defendant replied, ''I am.'' Continuing his interrogation of the defendant, the prosecuting attorney took up the subject of the defendant's prior felonies and explained to the defendant that his priors would be sent to the superior court. The defendant interrupted to ask, ''How many priors is there going to be? All of them?'' The prosecuting attorney replied, ''Whichever priors you have already been convicted of, sir.'' The prosecuting attorney continued his questioning of the defendant by asking him if he waived further reading of the complaint. The defendant continued to be cooperative. The court then inquired how the defendant pleaded on counts I and II of the complaint and defendant replied, ''Guilty.'' The hearing concluded with the following statement by the court, ''The defendant having heretofore entered a plea of guilty to two counts in the complaint before the court, after waiver of preliminary examination, proceedings are hereby ordered suspended and the cause certified to Los Angeles County Superior Court for further proceedings, pursuant to

Section 859a of the Penal Code, defendant will appear in Department 100, Superior Court, Los Angeles County, May 17, 1966, 9 A.M.'' Bail was set in the amount of $11,000.

The certificate of the magistrate dated May 12, 1966, reflected defendant's discharge of the public defender, the defendant's waiver of his right to a two-day continuance for preliminary examination, his further waiver of his right to preliminary examination, and his plea of guilty with the consent of the court and the deputy district attorney. The certificate further recited dismissal of count III on the People's motion.

The defendant in propria persona appeared in Department 100 on May 20, 1966, and informed the court that he wanted to be sentenced immediately because he wanted his time to start running. The court appointed a public defender to represent the defendant and continued the cause, over defendant's objection, to May 26. On the continued date the court was informed by the public defender that he should be relieved and the matter remanded to the municipal court for further proceedings because the defendant had pleaded guilty to a felony without counsel. The public defender stated, ''[T]his is my motion; it is not the defendant's. The defendant wishes to proceed with his probation and sentence and eventually judgment and sentence.'' The transcript reflects no mention by either defendant or his then counsel of a withdrawal of a plea of guilty.[2] The court accordingly remanded the case to the municipal court for a preliminary hearing or a plea with counsel. No date for the further proceeding was set. No proceedings of any kind are recorded until August 10, 1966, at which time a minute order was entered, stating that the minute order of May 26, 1966, was amended *nunc pro tunc* to add the words, ''Defendant withdraws plea of 'guilty'.'' No appearance of any kind is recorded on August 10, 1966, and no formal motion to withdraw the plea of guilty appears in the transcript of the proceedings prior thereto.

On September 7, 1966, a 25-count information was filed against the defendant, each count charging him with armed robbery, and the information further alleged two prior felony convictions, a burglary conviction in November 1956 and a narcotics conviction, violation of Health and Safety Code section 11500. Counts I, II and III of the new information were

---

[2] On October 17, 1966, the public defender, apparently misreading the transcript of May 26, told the court that on that date he had made a motion over the defendant's objection to withdraw his plea of guilty.

a repetition of counts I, II and III, respectively of the original complaint. The remaining counts of the information had no counterparts in the original complaint. On August 22 defendant was rearraigned before a magistrate other than the one who took the initial guilty plea, and was represented by a public defender different from any whose appearances had been previously recorded, and a preliminary hearing was held, at which the prosecution presented evidence on all of the counts of the information. At the conclusion of the testimony the court bound defendant over for trial in the superior court on all counts. Thereupon the prosecuting attorney moved to dismiss case No. F 6357, the number assigned to the original three-count complaint, and the court granted the motion.

On September 7 in superior court defendant was rearraigned, pleaded not guilty, and denied the priors. Trial was continued to October 21, 1966. Defendant's motion to appear in propria persona was denied. The cause was advanced to October 17, at which date the court accepted defendant's additional pleas of "former conviction" and "once in jeopardy." Reporters' transcripts of the proceedings of May 16, 17, 20 and 26, 1966, and August 10, 1966, were ordered, and the cause was continued to December 19, 1966, at the request of defendant's counsel, to which defendant assented. The transcripts had not been prepared by the 19th of December, and the prosecution requested the matter be further continued. Defense counsel expressly refused to consent to waive time; the court continued the matter to December 27, 1966. On the latter date defense counsel moved to dismiss the pending information on the ground of double jeopardy with respect to counts I and II (the third count had been dismissed on May 12, 1966), moved to dismiss the remaining counts of the information on the theory that those counts are "barred" by *Kellett* v. *Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], and upon the further ground that defendant was denied his right to be sentenced on the counts to which he pleaded guilty within 21 days. The court denied the motions. The prosecuting attorney requested a further continuance to produce the witnesses, and defense counsel moved to dismiss on the ground that the defendant had not been afforded a speedy trial. The motion was denied, and the court set the cause for trial on January 5, 1967. On December 28 the court granted defense counsel's motion to advance the cause for the purpose of trial to that date. The defendant and all counsel waived jury trial as to counts I and III, and counsel for both parties stipulated to submit the cause on the transcript of the

preliminary examination in respect of counts I and III only, subject to production of further evidence by either side. Over defense counsel's objection the court received into evidence, on the question of truth of the charged priors, superior court files numbered 185839 and 276582. The court found the defendant guilty as charged in counts I and III, further finding the robbery to be in the first degree, and found the prior conviction of the defendant on violating section 11500 of the Health and Safety Code to be true, but found the charged prior burglary untrue.

Defense counsel reported his client's wish to be returned to the California Rehabilitation Center, and defense counsel requested a referral of the defendant to department 95 for that purpose. The request was denied. Defense counsel waived arraignment for sentence, and the court sentenced defendant to state prison for the term prescribed by law on counts I and III, the sentences to run concurrently. The prosecuting attorney's motion to dismiss the remaining counts of the information was granted.

Defendant appeals from the judgment of conviction.

### Guilty Pleas Invalid

■ Article I, section 8, of the California Constitution, and section 859a of the Penal Code preclude entry of a guilty plea before a magistrate when the accused is not represented by counsel. (*In re Van Brunt* (1966) 242 Cal.App.2d 96, 104 [51 Cal.Rptr. 136].) Section 860 of the Penal Code permits a waiver of preliminary examination on a felony charge only if the defendant is then represented by counsel, or if defendant, with counsel, has theretofore pleaded guilty in accordance with the provisions of section 859a of the Penal Code. The magistrate, in violation of the commands of the cited constitutional and statutory provisions, permitted the defendant to discharge his lawyer and accepted his plea of guilty to counts I and II of the original information. The guilty plea under these circumstances was a nullity.

It is unnecessary for us to discuss appellant's contentions that the court erred in rejecting his pleas of "former conviction" and "double jeopardy" because he never effectively pleaded guilty to the charges in the original information.

### Denial of Speedy Trial

■ ■ Defendant contends that he was denied both his constitutional and statutory rights to a speedy trial on each count of which he was convicted. His contention cannot be

sustained in respect of count III, but he is correct about count I.

Defendant's trial on count III was speedy enough to comply with both the constitutional guarantee (California Const., art. I, § 13) and the 60-day provision of section 1382, subdivision 2, of the Penal Code.

Count III of the information was a repetition of count III of the original complaint. Count III had been effectively dismissed by the prosecution at the time defendant entered his initial invalid plea. An order for dismissal of a felony count is not a bar to other prosecution for the same offense. (Pen. Code, § 1387.) Since the statute of limitations had not run on count III, there was no impediment to the prosecution's refiling in the information the dismissed charge of count III of the complaint.

From the date upon which count III was refiled on September 7, 1966, to the date of trial, 112 days elapsed. However, there must be deducted from those days 63 days (October 17 to December 19) attributable to a continuance upon defense counsel's motion, with the consent of the defendant, leaving a balance of 49 days, a time well within the 60-day limit. (*People v. Harrison* (1960) 182 Cal.App.2d 758, 759 [6 Cal.Rptr. 345].)

Defendant's argument that count III should have been dismissed because it was not filed within 15 days after the defendant had been held to answer pursuant to the provisions of section 1382, subdivision 1, of the Penal Code is not well taken. The defendant was not held to answer upon count III until after the preliminary hearing upon the newly filed charges held August 22-24, 1966.

Defendant's real complaint is that he was obliged to do dead time during the period from his initial invalid guilty pleas to the time of trial upon the information. Certainly no one can commend the course of procedure which was followed in this case. We cannot say, however, that the procedural morass which resulted in defendant's retention in custody before his trial on count III amounted to reversible error; however, the Adult Authority shall take into account the time defendant was retained in custody from May 12, 1966, the date of his initial arraignment, to August 22, 1966, the date of his preliminary hearing upon the information.

The proceedings against the defendant on count I stand on a very different footing from those on count III. Count I charges were pending against defendant from his arraignment on the original complaint on May 12, 1966, until he was ulti-

mately tried on the same charge, embodied in the September 7, 1966, information, on December 28, 1966. During the seven-month period the sole delay which can be attributed to the defendant is the time between October 17, 1966, and December 19, 1966, when a continuance was granted at defense counsel's request, to secure transcripts of the unusual proceedings upon his prior appearances. No explanation at all appears for the delay from May 26, 1966, the date upon which the superior court remanded the cause to the municipal court for either a preliminary hearing or a new plea with counsel, to August 22, 1966, when the preliminary hearing was commenced on the new charges, other than the time it took the People to turn a three-count complaint into a 25-count information.

Excessive, unexcused delay is a ground for dismissal of a criminal charge even though the particular delay is not specifically covered by a statute requiring mandatory dismissal. Article I, section 13, of the California Constitution states the fundamental policy that the defendant shall have the right to a speedy trial. The provisions of article I, section 13, although lacking an express time limit, are self-executing and thus give the defendant a right to move for a dismissal for excessive delay even though the delay does not come within any of the mandatory dismissal statutes. (Cf. *People* v. *Godlewski* (1943) 22 Cal.2d 677, 682 [140 P.2d 381]; Witkin, Cal. Criminal Procedure (1963) § 306, p. 300. See also Pen. Code, § 1050.)

The defendant, both personally and through his counsel, repeatedly insisted upon the prompt disposition of his cause. Defense counsel moved for a dismissal on the ground, among others, that the defendant had not been afforded a speedy trial on December 27, 1966.

We do not question the right of the People to dismiss a felony charge and to refile it at any time before limitations have run. (Pen. Code, § 1387; *People* v. *Godlewski, supra,* 22 Cal.2d at p. 681.) The People, however, cannot avoid dismissal for unwarranted delay simply by successive dismissals and unexcused refilings of the same charges, unconscionably extending the pendency of the criminal charges without trial. Under all of the circumstances of this case we conclude that the court erred in denying defendant's motion to dismiss count I of the information for excessive and inexcusable delay.

The judgment convicting the defendant as charged in count I is reversed with directions to dismiss. The judgment convicting the defendant upon count III of the information is modified by striking therefrom the words "and that defendant was armed as alleged,"[3] and as thus modified, the judgment of conviction upon count III of the information is affirmed.

Kaus, P. J., and Stephens, J., concurred.

_____

[3]The judgment recites that the robbery was in the first degree and that defendant was armed as alleged. Since the use of the gun is the very basis for conviction of first degree robbery, language relating to defendant's being armed must be stricken. (*People* v. *Sparks* (1967) 257 Cal.App.2d 306 [64 Cal.Rptr. 682]; *People* v. *Thomsen* (1965) 239 Cal.App.2d 84, 98 [48 Cal.Rptr. 455].)