[Crim. No. 14900. Second Dist., Div. Two. Mar. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD MINE CONWAY, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

WRIGHT, J. — Defendant Donald Mine Conway was charged with a violation of section 459 of the Penal Code, burglary, a felony. A motion to set aside the information under section 995 of the Penal Code was heard and denied. Defendant entered a plea of not guilty and trial on the cause was set for December 13, 1967. On November 28, 1967, a motion to advance the cause from the trial date was granted for the purpose of hearing a writ of habeas corpus and a motion to relieve the public defender and substitute the defendant in propria persona. Both the application for the writ and the motion were denied. The original trial date of December 13, 1967, remained. On December 15, 1967, after two days trailing by reason of the court's congested calendar counsel for defendant and for the People and the defendant personally waived trial by jury and pursuant to stipulation the cause was submitted upon the transcript of the prelimi-

nary hearing, each side reserving the right to call additional witnesses. The court read the transcript of the preliminary hearing, defendant and a witness for the defendant testified for the defense. The court found the defendant guilty of burglary and fixed the same as in the second degree. A probation report was ordered; a motion for a new trial was heard and denied; and the court denied the application for probation, sentencing the defendant to serve 90 days in the county jail. The defendant appeals from the judgment.

Defendant contends as follows:

(1) That there was insufficient evidence to sustain the conviction;

(2) That the trial court's denial of his motion to proceed in propria persona violated his constitutional rights; and

(3) That defendant's right to a speedy trial was violated. We have concluded that each contention is without merit.

### STATEMENT OF FACTS

On May 19, 1967, at about 1 p.m., defendant and one Grady Charles Brown (Brown) entered Kay's Men's Store in Torrance. Brown was carrying a suitcase. Defendant told Modesto Ponce DeLeon (DeLeon) that he wanted to see a suit. Defendant was shown one and then proceeded to a rear dressing room, tried on the suit and returned with it to that portion of the store where merchandise was displayed. Defendant told DeLeon that he would purchase the suit. DeLeon, noticing that Brown was missing, inquired of the defendant "Say, where's your friend?" Defendant replied, "I think he wanted to see a suit himself. So, he's back there trying on a suit." DeLeon, knowing that he had not shown any clothing to Brown, told the defendant to wait for the purchase order to be written up. DeLeon then went back to the dressing room and discovered Brown with several suits in his hand. He also noticed that the suitcase was bulging. DeLeon left the dressing room, returned to the location where he had last seen the defendant and discovered that defendant had taken off the suit and that he had departed from the store. Brown came out of the dressing room without the suitcase and quickly left the store. Upon opening the suitcase, DeLeon found five new sport coats in the same, all of which were the property of Kay's Men's Store. DeLeon did not give either the defendant or Brown permission to take any of the clothing from the store or to place any of it in the suitcase.

Defendant returned to his car in the parking lot adjacent to

the store and as he was slowly approaching the exit Brown was observed running across the parking lot and entering the car driven by defendant. DeLeon left the store to give chase, observed a California Highway Patrol officer and informed him of the incident. The officer gave chase, stopped the car and returned with defendant and Brown to the store where they were placed under arrest.

Defendant took the stand in his own behalf and testified that he had entered the store with $93.72 in cash with the intention of purchasing a suit; that he had observed Brown find the suitcase (also described as a brief case) in some trash near a pole in the shopping center. Defendant further testified that he had been a friend of Brown for about ten years, that they had been together for about four hours and that he had never been in Kay's Men's Store prior to the day of his arrest. Defendant further testified that he decided to leave the store when an employee told him "The guy that you was with, we think that he has committed something, and it would be best for you to leave if you don't want to be involved in it." Defendant further testified that he left the store, returned to his car, waited a few moments for Brown and was driving out of the lot when Brown called for him to stop. Defendant testified that as he did not know the area at all he drove into a dead end street where he was stopped by the highway patrol officer. Defendant called Grady Charles Brown as a witness on his behalf. Brown testified that his case had "already been handled" and for that reason there was no problem concerning self-incrimination. Brown testified that he found the suitcase in some trash and that he had it with him when he entered the store. At that time he had no intention to steal anything and it was only when he saw some coats in a dressing room that he decided to take the same. He further testified that at no time did he communicate his intentions to defendant.

*First Contention*

■ Defendant contends that the evidence does not prove that he had the felonious intent necessary to sustain his conviction of burglary. ■ Although it is a necessary element of burglary to prove that at the moment of the entry there was the requisite specific intent to commit theft or a felony therein, such intent may be inferred from all of the facts and circumstances disclosed by the evidence.

■ In the instant case defendant and Brown, long time

friends, drove together to the scene, entered a store which defendant had never visited before located in an area unfamiliar to him. Brown carried an empty suitcase suitable for accomplishing shoplifting. The court was justified in believing that defendant acted as a decoy for Brown by proceeding to try on a suit, agreeing to purchase the same and upon inquiry as to the whereabouts of his friend, falsely stating that Brown also wished to purchase a suit and was in a dressing room. Upon the discovery of Brown's activities, defendant failed to complete the purchase of the suit but instead hastily departed from the store where he waited in his car for the arrival of Brown, thus providing his friend with a means of escape from the scene.

It was a reasonable inference for the trial judge to draw that defendant entered the store with the specific intent to aid and abet Brown in the commission of a theft. As such defendant was equally guilty as a principal. (Pen. Code, § 31; *People* v. *Jordan* (1962) 204 Cal.App.2d 782, 787 [22 Cal.Rptr. 731].) The trial court was also justified in drawing an inference adverse to the defendant by reason of his flight from the scene. (*People* v. *Santora* (1942) 51 Cal.App.2d 707, 710 [125 P.2d 606].)

■ "Guilty participation may be shown by circumstantial evidence as well as by direct evidence. If the circumstances proved reasonably justify the conclusion of the jury, the reviewing court has no authority to interfere therewith." (*People* v. *Anderson* (1940) 37 Cal.App.2d 615, 619 [100 P.2d 348].)

A similar rule is applicable where the trier of fact is the court. ■ Defendant's first contention is without merit.

*Second Contention*

■ Defendant contends that the trial court's denial of his motion to proceed in propria persona violated his constitutional rights. Both the California Constitution (art. I, § 13) and the Penal Code of this state (§ 686) provide that a defendant in a criminal action is entitled "to appear and defend, in person and with counsel."

In *People* v. *Carter* (1967) 66 Cal.2d 666 at page 669 [58 Cal.Rptr. 614, 427 P.2d 214], the court stated as follows: "Speaking of the right to counsel and the effective waiver thereof, we declared in [citation] : ' "The right to counsel is a fundamental constitutional right, which has been carefully guarded by the courts of this state." [Citation.] Meaning-

fully applied, the right to counsel includes the opportunity to receive "effective aid in the preparation and trial of the case." [Citations.] To be sure, this right may be waived [citation], but "a finding of waiver is not lightly to be made." [Citation.] "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' . . . [Citation.] These principles are "equally applicable to asserted waivers of the right to counsel in state criminal proceedings." [Citation.] Not only must the waiver be unqualified, but it may be made only by a defendant who has been apprised of his rights and who has "an intelligent conception of the consequences of his act." [Citation.]' "

In *In re Johnson*, 62 Cal.2d 325 at page 335 [42 Cal.Rptr. 228, 398 P.2d 420], the court stated that it " 'cannot accept a waiver of counsel from anyone accused of a serious public offense without first determining that he "understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted." ' "

We must now consider the evidence in the case before the court in light of the authorities heretofore mentioned and the tests heretofore prescribed. In response to questions by the trial judge the defendant stated in support of his motion to proceed in propria persona "I know it is a foolish thing, . . . But, . . . since I have been up there I have been reading a few law books. . . . I'm ignorant of the law, but I wrote that [writ of habeas corpus] the best I could, . . ."

Further in response to the court's question as to the number of peremptory challenges in a jury trial the defendant responded as follows: "I don't understand what you mean. If you will kindly explain it to me, I can tell you." In answer to the court's inquiry as to the number of challenges he was entitled to for cause the defendant answered as follows: "I think it is three." Most importantly the defendant indicated his ignorance of the nature of the charge against him as is indicated from his colloquy.

"Now, actually, I'm charged with burglary, which is not a burglary to me, but I was told by the officers any time you're in a place with the intent to commit a crime, that it is a burglary, which don't make sense to me, because a person goes in and commits a petty theft, he's going in with the intent, why is he not charged with burglary?" Additional

statements to the court clearly indicated that defendant did not comprehend the complexities of a situation where an individual is an accessory in the commission of a crime. The denial of defendant's motion to proceed in propria persona involved an exercise of judicial discretion which, in this case, clearly shows no abuse thereof. The facts in the case of *People* v. *Addison*, 256 Cal.App.2d 18 [63 Cal.Rptr. 626], are clearly distinguishable from the facts in the case before the court. In the *Addison* case the defendant showed knowledge of how to impanel a jury, of peremptory challenges, of some rules of admissibility of evidence and of the difference between direct and hearsay evidence. The inquiry made of the defendant by the trial judge in that case did not meet the minimum requirements to ascertain if the defendant was competent to knowingly and intelligently exercise his waiver of right to counsel. Defendant's second contention is without merit, as sufficient inquiry was made by the trial judge.

*Third Contention*

Defendant contends that there was an unreasonable delay between the date the charges originally filed against him were dismissed and the date of refiling, and that there was also an unreasonable delay between the latter date and the date of trial. Statements made by the defendant to the trial judge indicated that by reason of the absence on vacation of an essential witness, the People were not able to proceed to trial within the 60-day period specified in Penal Code section 1382, subdivision 2, and on August 9, 1967 the original information was dismissed upon motion of the defendant. Such a dismissal does not, of course, act as a bar to further prosecution (Pen. Code, § 1387) and a new complaint was filed in the municipal court resulting in a preliminary hearing on September 28, 1967. The statute of limitations had not run on the offense of which defendant was charged and a delay of 50 days from the date of dismissal of the first information to the date defendant was held to answer following the second preliminary hearing on September 28, 1967, was not unreasonable. Defendant was at the time of the dismissal serving a sentence of 180 days for an unrelated offense and there are suggestions in the record that there was difficulty in locating him at his former place of abode.

"There may be circumstances justifying relief from an abuse of criminal process by the commencement of successive prosecutions, but those circumstances are not present in the

instant case.'' (*People* v. *Godlewski,* 22 Cal.2d 677, 683 [140 P.2d 381].)

*People* v. *Flores* (1968) 262 Cal.App.2d 313, 321 [68 Cal.Rptr. 669], relied upon by defendant affords little succor for the defendant's position. The court stated: ''We do not question the right of the People to dismiss a felony charge and to refile it at any time before limitations have run. [Citations.] The People, however, cannot avoid dismissal for unwarranted delay simply by successive dismissals and unexcused refilings of the same charges, unconscionably extending the pendency of the criminal charges without trial.'' No such abuse occurred in the case before this court.

The record reflects that the second information was filed on October 11, 1967, and that trial began on December 15, 1967, a delay of 65 days. However, upon arraignment, the defendant requested an additional nine days in which to enter a plea and five additional days for hearing upon his motion to dismiss the information pursuant to the provisions of section 995 of the Penal Code. These 14 days of delay at the request of defendant must be deducted from the over-all period of 65 days. It is apparent that defendant was brought to trial within the time specified in Penal Code section 1382, subdivision 2, (*People* v. *Harrison* (1960) 182 Cal.App.2d 758 [6 Cal.Rptr. 345].) Defendant's third contention is without merit.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1969.