[Crim. No. 15552.   Second Dist., Div. Two.   Oct. 15, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM KENNETH KING, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and James L. Markman, Deputy Attorneys General for Plaintiff and Respondent.

ROTH, P. J.—Appellant William Kenneth King, convicted by the court after having duly waived a jury, of grand theft, a violation of Penal Code, section 487, subdivision 1, appeals from the judgment of conviction and from an order denying his motion for a new. trial. The appeal from the order is dismissed. (Pen. Code, § 1237.)

Appellant attacks the judgment on the ground that the evidence is perjured and is insufficient to support it and because of the refusal of the trial judge to permit him to defend himself.

Barbara Jean Yniguez, the complaining witness, testified that she met appellant in a home furnishings store in early January of 1968 when she entered into a contract to purchase a television set. About three weeks later, appellant came to the Yniguez home and ''demonstrated'' a projector which was part of a home movie system. Mrs. Yniguez, corroborated in substance by a neighbor, Christina Jorge, told appellant that she was interested in purchasing the projector, that she didn't have any money at that time, but that she ''was waiting for a settlement check.'' Appellant thereafter visited Mrs. Yniguez almost every day until February 6.

She testified that her relationship with appellant was social and friendly, that appellant and his two sons had had dinner at her house, and that appellant had on one occasion stayed all night where she discovered him upon returning home from work sometime after 7 a.m.

On February 6, she received the check which was for over

$600. Appellant was present at the time. Mrs. Yniguez went to the bank, cashed the check and returned home at about 2:30 p.m. Appellant was waiting for her. She signed a contract tendered by appellant and marked "paid in full" and she gave appellant the $600. She testified that she believed she would get the projector, which was worth about $585, and a "deal" on cartridges. Appellant went to his car, presumably to get the projector and never returned.

Appellant testified that he did not show Mrs. Yniguez the projector for the purpose of encouraging her to buy it, that their relationship had been very friendly, that he stayed all night several times between January 5 and February 6, and that Mrs. Yniguez had lent him small amounts of money in the form of checks.

Appellant's version of the events of February 6 was as follows: Mrs. Yniguez and Mrs. Jorge went "some place." After they returned, appellant went with Mrs. Yniguez and her five-year-old daughter to purchase a television set (which was not accomplished). Later that day, appellant left the house. He then became angry and called Mrs. Yniguez and told her that he "wasn't coming back."

The trial judge stated that the question was one of credibility, and proceeded to find appellant guilty. The evidence sustains the court's finding.

However, in our opinion, the trial court committed error in refusing to permit appellant, pursuant to his request, to represent himself.

It is undoubtedly true that a defendant does not have an unrestricted right to represent himself; (*People* v. *Stanworth,* 71 Cal.2d 820, 835 [80 Cal.Rptr. 49, 457 P.2d 889]) and that before the trial court will accept a waiver of counsel ". . . it is its duty to determine his competence to represent himself." (*People* v. *Carter,* 66 Cal.2d 666, 672 [58 Cal.Rptr. 614, 427 P.2d 214]; *People* v. *Conway,* 271 Cal. App.2d 15 [76 Cal.Rptr. 251].)

At arraignment, on March 14, 1968, the following exchange took place between the court and appellant:

"THE COURT: And you are before the Court for arraignment and I note from the jacket you were first before the Court on March the 5th.

". . . . . . . . . .

"DEFENDANT KING: All right. My point is that when I was here before, Your Honor, I stated that I was trying to obtain private counsel. I was trying to obtain Milton C. Dawson in

San Bernardino, an attorney who had handled a civil case for me before and is presently handling a divorce action. I had written him two letters and I have received no reply, so I would assume that he is not interested in handling my case.[1] Due to past experience with the Public Defender's office, I do not care to be defended by that office. No reflection. However, I am therefore waiving my rights to counsel and requesting permission to defend myself in propria personna.

"The Court: I understand. Well, the law on that point, Mr. King, is that the Court must satisfy itself—

"Defendant King: Yes, sir.

"The Court: —that you are making an intelligent waiver.

"Defendant King: Yes, sir. Yes, sir.

"The Court: So, will you please tell me what your education—the extent of your education?

"Defendant King: As far as academic education is concerned, I have a very small one. I do have—

"The Court: Would you state what it is?

"Defendant King: Well, sir, I went in the navy when I was fourteen years old so—

"The Court: How far did you go in school?

"Defendant King: In school, to the eighth grade. I was tested by the Adult Authorities and they gave me 11.6 as being my educational background.

"The Court: How old are you?

"Defendant King: 38, sir.

"The Court: And have you had any experience in legal matters?

"Defendant King: Yes, I have, sir.

"The Court: Would you state it?

"Defendant King: Actually, I am not an attorney, no sir. I have studied and read Law and the only assistance that I believe that I would need is someone to act for me in the preparation of motions and such for the Court.

"The Court: Have you anything further to say?

"Defendant King: No, sir.

"The Court: All right. Having considered everything you have said, I arrive at the conclusion that you cannot waive, in this Court, your right to counsel. I appoint the Public Defender to represent you."

In *People* v. *Addison*, 256 Cal.App.2d 18 [63 Cal.Rptr. 626], after a much more thorough examination of a defendant

---

[1] *Williams* v. *Beto*, 354 F.2d 698, 705-706, equates an effort to obtain counsel with a confession of inadequacy to represent oneself.

who desired to waive his right to counsel, the court refused to accept the waiver and it was held to be an abuse of discretion and prejudicial error. (Petition for hearing denied.) At bench, the court learned that appellant had gone through the eighth grade, entered the Navy at the age of 14, and that the Adult Authority had given him some sort of test on his educational background and rated him 11.6. The examination of appellant then terminated. It appears, too, from the brief record on the subject, that appellant was reasonably articulate, more clear and grammatical than some members of the Bar in his off-the-cuff responses and that he asserted without ambiguity that ''due to past experience with the Public Defender's office, I do not care to be defended by that office. No reflection. . . .'' We certainly do not indicate even remote acquiescence in that objection, but it does definitely express appellant's attitude.

In *Addison,* the court says at pages 23, 24-25:

''The right of a defendant in a criminal case to represent himself is recognized by our Constitution (Cal.Const., art. I, § 13) and case law (*People* v. *Harmon,* 54 Cal.2d 9, 15 [citation]). As a constitutional right it is peculiar in that, as a condition precedent to its exercise, the defendant must prove to the satisfaction of the court that he is competent to waive the right to counsel. '. . . although every defendant in a criminal case has the constitutional right to represent himself if he so elects (Cal.Const., art. I, § 13; *People* v. *Harmon* (1960) 54 Cal.2d 9, 15 [citation]; *People* v. *Mattson* (1959) 51 Cal.2d 777, 788-789 [citation] *People* v. *Shields* (1965) 232 Cal.App.2d 716, 722 [citation]; *People* v. *Shroyer* (1962) 203 Cal.App.2d 478, 482 [citation]), before his waiver of counsel may be accepted the trial court is duty bound to determine his competency to represent himself.'. . .

''The dilemma in which trial courts find themselves because of the requirement that before permitting a defendant to represent himself a determination must be made that the waiver of the right to counsel be 'intelligent and understanding' (*Carnley* v. *Cochran,* 369 U.S. 506, 513 [8. L.Ed.2d 70, 75, 82 S.Ct. 884]; *Johnson* v. *Zerbst,* 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]; *In re Johnson,* 62 Cal.2d 325, 333-334 [citation]) is apparent. Cunning criminals consistently take advantage of it and all too often the demand for self-representation becomes a 'heads I win tails you lose' proposition. . . .

''In recognition of this dilemma, appellate courts go far in

deferring to the trial court's discretion (*People* v. *Carter*, *supra*, p. 672), but we find no authority that permits the trial court to deny a defendant the right to represent himself simply because he does not know as much law as an attorney. . . .

"An 'intelligent conception of the consequences' of proceeding without counsel is not negatived by a lack of knowledge of particular rules of law or procedure. If the defendant wants to venture into the unknown, he must be allowed to do so, if he is aware of the dangers that lurk therein. He need not demonstrate that he can meet them.

". . . But, when all of that is done and when the other requirements for an effective waiver of counsel are met the defendant must be permitted to be the master of his own fate. 'The foregoing sections accord the accused not only a right to counsel but also a right to represent himself is he so elects. Except in certain situations not here pertinent, the court cannot force a competent defendant to be represented by an attorney. . . .' " (Pp. 24, 25.)

We said in *Conway,* at page 20, after setting forth the general rules governing the right of defendant to appear in pro. per., "We must now consider the evidence in the case before the court in light of the authorities heretofore mentioned and the tests heretofore prescribed." Applying the tests to the evidence in the case before us, we conclude on the basis of the superficial examination of appellant made by the trial court that it was error to deny appellant the right to represent himself.

As was said in *Conway* at page 21, referring to the *Addison* case: "The inquiry made of the defendant by the trial judge . . . did not meet the minimum requirements to ascertain if the defendant was competent to knowingly and intelligently exercise his waiver of right to counsel."

The judgment is reversed.

Herndon, J., and Wright, J., concurred.