THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellee

v.

JAMES ROSARIO JONES
Defendant-Appellant

Criminal No. 78-0034A
District Court of Guam, Appellate Division
June 19, 1980

DUENAS, District Judge; LAURETA, District Judge; BURNETT, Designated Judge

PER CURIAM:
    Defendant in this case was indicted for violation of §16.30 (Murder in the First Degree) and §19.20 (Aggravated Assault) of the Guam Criminal and Correctional Code. The jury

returned verdicts of guilty to the lesser included offense of manslaughter and also to the lesser included offense of aggravated assault with a deadly weapon.

In this appeal, appellant raises as his sole assignment of error the trial court's admission into evidence certain prior acts of a criminal nature committed by the defendant and submitted in this appeal as having been of such prejudicial effect to the appellant's trial as to constitute reversible error.

The evidence complained of consisted of testimony of witnesses to the effect that appellant was involved in narcotic sales approximately six months prior to his meeting the victim, Alan Aflague. The appellant urges that the six-month period is too remote in time to be of sufficient relevance to the charge of first degree murder, and that the acts described by the testimony, because of their innate criminal character, were highly prejudicial as to outweigh any relevancy they may have had.

The government's response is that the evidence of narcotics transactions was properly admitted as relevant to prove motive for murder, and since the jury returned a verdict of conviction on the lesser included offense of manslaughter, the admission of the evidence did not constitute harmful error.

In determining the relevance of such evidence, the trial court must take into account the prejudicial effect of such evidence, and balance it against its corresponding probative value. In People v. Lopez, 1 Cal. App. 3d 78, 81 Cal. Rptr. 336, 391 (1969), the court said:

> While it is the rule that evidence of other crimes is not admissible to prove the accused's disposition to commit crime, evidence to prove a relevant or material fact is not deemed inadmissible merely because it discloses the commission of another crime. (People v. Lopez, 60 Cal. 2d 223, 32 Cal. Rptr. 424 384 P.2d 16; People v. Peete, 28 Cal. 2d 306, 169 P.2d 924). And, because a motive is ordinarily the incentive for criminal behavior, its probative value generally exceeds its prejudicial effect, and wide latitude is permitted in admitting evidence of its existence. (People v. Sykes, 44 Cal. 2d 166, 280 P.2d 769; People v. Gonzales, 87 Cal. App. 2d 867, 198 P.2d 81).

The prejudicial effect inherent in the evidence of the narcotics transactions was the tendency to show that the defendant was of a bad character, and thus was likely to have committed the crimes charged. As such, the trial judge was required to assess the probative value against the prejudicial effect of the evidence. Here, the theory of the government's

case was that the appellant murdered the victim Aflague because appellant was told that Aflague was an undercover narcotics agent.

Upon determining that the evidence was admissible, the trial court in this case correctly provided sufficient cautionary instructions to the jury that such evidence was to be considered for the limited purpose of showing the defendant's motive for committing the crime of murder and for no other purpose.

We find that the admission of evidence of collateral narcotic transactions between appellant and persons unknown to the victim at a time six months prior to appellant and victim knowing each other was relevant and admissible for the limited purpose of showing appellant's motive in the killing.

The government contends that it is not necessary for us to consider the propriety of the trial court's admitting into evidence the testimony relating to the appellant's narcotics transactions, the suggested reason being that the jury, having returned a verdict on the lesser included offense of manslaughter and acquitting the defendant of the murder charge, thereby demonstrated that it did not believe the evidence beyond a reasonable doubt. However, we do not believe that it is our function as an appellate forum to second-guess the jury as to the basis for their verdict of conviction of manslaughter, despite the fact that the latter charge is a lesser included offense of murder.

Nevertheless, we find no error on the part of the trial court in its admission of the evidence in issue, and accordingly affirm the judgment as rendered below.

The judgment of conviction is AFFIRMED.