[No. E005594. Fourth Dist., Div. Two. Dec. 26, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL HOWARD INGELS, Defendant and Appellant.

**COUNSEL**

Barry Plotkin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, Janelle B. Davis and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—Defendant appeals the denial of his motion to withdraw his plea of guilty to multiple felony counts in the municipal court on the basis that the pleas were legally infirm and the court abused its discretion in failing to grant his motion to withdraw his plea. Because we are convinced the plea was validly entered notwithstanding defendant's pro se status, and the court did not abuse its discretion in denying the motion to withdraw the plea, we affirm.

### FACTS

Defendant and his partner were charged with 15 counts of grand theft stemming from a contractual obligation which he had made with the Fraternal Order of Police (F.O.P.). Defendant promoted variety shows as a method of fund-raising. In exchange for 80 percent of the profits, defendant agreed to promote, advertise, and sell tickets for the production. Subsequently, the same financial arrangements were made between defendant and F.O.P. for the quarterly production of a magazine called Star and Shield; as with the agreement for the variety shows, defendant handled the financial arrangements including money collections from businesses for advertising and sales. Defendant sent collectors to various communities to take the money, in the form of cash and checks. The collectors in many circumstances would fail to give purchased tickets to customers or receipts for the money collected. Defendant would, along with his partner, skim from the receipts collected.

After several publications of the magazine, there was growing concern that defendant had made no accounting of the proceeds. Attempts to contact defendant to provide financial information resulted in the "runaround." A criminal investigation disclosed that numerous individuals paid for advertising in the F.O.P. magazine but received neither the advertising nor a refund. Additionally, the investigation revealed that F.O.P. had been the victim of grand theft because it had not received the 20 percent breakdown guaranteed by the contract.

After charges were filed, defendant, a former police officer, and his brother, a lieutenant with a local police department, met with the prosecuting attorney in his office. Defendant had apparently decided at that point to

represent himself. A disposition was discussed involving restitution and defendant, his brother, and prosecuting attorney walked from the district attorney's office to the municipal court where a plea of guilty was entered, defendant waiving his rights including his right to counsel.

## DISCUSSION

1. *Validity of a Plea of Guilty Without Counsel.*

 Defendant concedes that he validly waived his right to counsel under *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. Defendant contends that the plea of guilty was invalidly entered because Penal Code section 859a, subdivision (a), forbids the entry of a plea of guilty to a felony offense without counsel at the preliminary hearing stage. Because we find the provision of section 859a, subdivision (a), prohibiting the entry of a guilty plea by a pro se defendant in conflict with the provisions of the Sixth Amendment of the United States Constitution, we conclude defendant's guilty plea was validly entered.[1]

Defendant bases his argument on that portion of Penal Code section 859a, subdivision (a), which provides "[t]he foregoing provisions of this section shall not be construed to authorize the receiving of a plea of guilty or nolo contendere from any defendant not represented by counsel." In *People* v. *Flores* (1968) 262 Cal.App.2d 313, 319 [68 Cal.Rptr. 669], the court held that a plea of guilty to a felony offense by an unrepresented defendant in the municipal court was a nullity based upon the provisions of Penal Code section 859a. *Flores* appears to be the sole authority on this

---

[1] Penal Code section 859a, subdivision (a), provides: "If the public offense charged is a felony not punishable with death, the magistrate shall immediately upon the appearance of counsel for the defendant read the complaint to the defendant and ask him whether he pleads guilty or not guilty to the offense charged therein and to a previous conviction or convictions of crime if charged; thereupon, or at any time thereafter, while the charge remains pending before the magistrate and when his counsel is present, the defendant may plead guilty to the offense charged, or, with the consent of the magistrate and the district attorney or other counsel for the people, plead nolo contendere to the offense charged or plead guilty or nolo contendere to any other offense the commission of which is necessarily included in that with which he is charged, or to an attempt to commit the offense charged and to the previous conviction or convictions of crime if charged; and upon such plea of guilty or nolo contendere, the magistrate may then fix a reasonable bail as provided by this code, and upon failure to deposit such bail or surety, shall immediately commit the defendant to the sheriff and certify the case, including a copy of all proceedings therein and such testimony as in his discretion he may require to be taken, to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court. The foregoing provisions of this section shall not be construed to authorize the receiving of a plea of guilty or nolo contendere from any defendant not represented by counsel. If the defendant subsequently files a written motion to withdraw the plea under Section 1018, the motion shall be heard and determined by the court before which the plea was entered."

issue and we note that no case has followed it. We also note that *Flores* precedes the *Faretta* decision by several years and the issue of the right of self-representation was never raised in an equal protection context.

In *Faretta* v. *California, supra*, 422 U.S. 806, the court recognized that a defendant could choose to represent himself and reject counsel: "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his favor.' Although not stated in the Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails." (*Id.*, at pp. 819-820 [45 L.Ed.2d at pp. 572-573].)

To the extent to which Penal Code section 859a, subdivision (a), *requires* a defendant to be represented by counsel before entering a plea of guilty, it is inconsistent with *Faretta:* "To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists." (*Faretta* v. *California, supra*, 422 U.S. at p. 820 [45 L.Ed.2d at p.573].) If *Faretta* grants to the defendant the personal right to make a defense, by implication it grants him the right to cut his losses and enter into a plea agreement without the assistance of counsel.

We also find that Penal Code section 859a, subdivision (a), is inconsistent with the provisions of Penal Code section 1018.[2] There is no prohibition

---

[2] Penal Code section 1018 provides: "Unless otherwise provided by law every plea must be entered or withdrawn by the defendant himself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall any such plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him of his right to counsel and unless the court shall find that the defendant understands his right to counsel and freely waives it and then, only if the defendant has expressly stated in open court, to the court, that he does not wish to be represented by counsel. On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice."

against a defendant, after having waived his right to counsel in superior court, from entering a plea of guilty to almost any felony. In *People* v. *Chadd* (1981) 28 Cal.3d 739 [170 Cal.Rptr. 798, 621 P.2d 837], our Supreme Court discussed the consent of counsel requirement of Penal Code section 1018 as it applied to a suicidal defendant charged with the death penalty. "Nothing in *Faretta,* either expressly or impliedly, deprives the state of the right to conclude that the danger of erroneously imposing a death sentence outweighs the minor infringement of the right of self-representation resulting when defendant's right to plead guilty in capital cases is subjected to the requirement of his counsel's consent." (*Id.*, at p. 751.) In the instant matter, as in any nonspecial circumstances case, the defendant's right to elect self-representation prevails absent concerns regarding waiver or competency. We conclude that the right of self-representation emanating from the Sixth Amendment prevails over the statutory prohibition against a pro se defendant entering a plea of guilty under Penal Code section 859a, subdivision (a).

2. *Motion to Withdraw Plea of Guilty.*

Before imposition of judgment, defendant moved to withdraw his plea of guilty in the municipal court. In his declaration and from the testimony he produced at the hearing, defendant claimed he was railroaded into pleading guilty because he was afraid if he didn't enter the plea immediately, he would have been incarcerated in light of the fact that a warrant had been issued on the felony complaint. Defendant was concerned for his safety in the jail since he was a former police officer and the brother of an officer currently on the force. The court denied the motion to withdraw the plea, finding that the inducement to enter the plea was the plea agreement itself. ■■■ The decision to deny a motion to withdraw a plea of guilty rests in the sound discretion of the trial court and its decision will not be overturned on appeal absent a showing of abuse. (*People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636]; *People* v. *Caron* (1981) 115 Cal.App.3d 236, 243 [171 Cal.Rptr. 203]; *People* v. *Fick* (1980) 107 Cal.App.3d 892, 896 [166 Cal.Rptr. 106].)

In our review of the court's exercise of discretion, we note the court carefully reviewed defendant's pro se status, the significance of pleading guilty at such an early stage of the proceedings (lack of discovery and ability to develop defenses) and gave a complete advisement of rights. The record of the advisement clearly demonstrates defendant fully comprehended his options. The court found that it was the plea bargain that motivated defendant, not his concern for safety as part of an OR release and noted: "In every plea bargain the defendant weighs the strength of the case, the strength of defense, the benefit of the certain known sentence as opposed to the

unknown, and so forth. He makes those evaluations. To some extent, he's also weighing the positive against the negative and makes an intelligent decision. There is nothing insidious about a plea agreement. It's only where threats or coercion are sufficient that they overcome a person's free will or his informed intelligence.

"I see nothing that I heard that would support the finding that there were threats made against the defendant that overcame his free will on this case.

"He was also asked about the concept of threats in the context of an OR release."

■ ■ ■ ■ ■ We have considered defendant's claim of coercion and find in light of the testimony and findings that the court did not abuse its discretion in denying the motion to withdraw the plea of guilty.[3]

### DISPOSITION

Judgment is affirmed.

McDaniel, J., and Dabney, J., concurred.

A petition for a rehearing was denied January 16, 1990, and appellant's petition for review by the Supreme Court was denied April 18, 1990. Mosk, J., was of the opinion that the petition should be granted.

---

[3] Defendant claims error in the court's failure to find a factual basis for his plea of guilty. Since the probation report contains sufficient information to support such a determination, the court's failure to articulate the finding does not constitute prejudicial error. (*People* v. *Watts* (1977) 67 Cal.App.3d 173, 180 [136 Cal.Rptr. 496].)