[Crim. No. 3760.   First Dist., Div. Two.   July 18, 1960.]

THE PEOPLE, Respondent, v. JACK H. HARRISON, Appellant.

Jack H. Harrison, in pro. per., and A. L. Bjorklund, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

SHOEMAKER, J.—Defendant appeals from a judgment of conviction of burglary and the order denying his motion for a new trial.

The sole contention on this appeal is that the trial court should have granted defendant's motion to dismiss the action on the ground that he was not brought to trial within the 60-day limit as provided in section 1382 of the Penal Code.

The record discloses:

(1) That on September 8, 1959, an information charging defendant with burglary was filed.

(2) That on September 15, 1959, defendant was arraigned and requested a continuance to September 17 to plead, which the court granted.

(3) That on September 17 defendant pleaded not guilty and the court, by consent, set the trial for October 14.

(4) That on October 14 the cause was called for trial but at the request of defendant's counsel was continued to October 28.

(5) That on October 28 the matter came up on the court's calendar, at which time the District Attorney, due to the absence of the complaining witness, asked for and was granted a continuance of the trial until November 17, which request was opposed by defendant and a motion was made by him to dismiss under section 1382 of the Penal Code. Said motion was denied on the ground that it was premature.

(6) That on November 13 an amendment to the information charging three prior felony convictions was filed and the cause was then advanced one day for trial to November 16, and again the defendant moved for a dismissal on the ground that he had not been brought to trial within the 60-day limit, which was denied.

(7) That on November 16 and prior to the impanelment of the jury defendant again moved to dismiss upon the same ground as heretofore mentioned.

(8) That on November 17, outside the presence of the jury, defendant interposed a motion for dismissal upon the same grounds, which motion the court denied, and thereupon the trial continued, which resulted in the jury finding the defendant guilty as charged.

It is apparent from the foregoing that between the date of the filing of the information on September 8, 1959, and the commencement of the trial on November 16, 1959, 69 days elapsed, which in the absence of any showing for the delay beyond the 60-day period would bring into play the provisions of section 1382 of the Penal Code. However, 16 days of the total of 69 days were requested by the defendant and must be deducted therefrom, leaving a balance of 53 days, a time well within the 60-day limit and in full compliance with the statute. (*People* v. *Martinelli* (1953), 118 Cal.App.2d 94, 96

[257 P.2d 37]; *People* v. *Peter* (1912), 20 Cal.App. 151 [128 P. 415].)

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 7, 1960.