[Crim. No. 18428. Second Dist., Div. Four. Feb. 22, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNEST ORTEGA RODRIGUEZ, Defendant and Appellant.

COUNSEL

Michael S. Mink, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Defendant was charged with: kidnaping, in violation of section 207 of the Penal Code; oral copulation, in violation of section 288a of the Penal Code; sodomy, in violation of section 286 of the Penal Code; and lewd acts on the body of a child, in violation of section 288 of the Penal Code. Three prior felonies were also charged, two of which he admitted and one of which was stricken. After a trial by jury, he was found guilty of a violation of section 288 of the Penal Code. On appeal, that judgment was reversed because the trial court had unduly restricted the cross-examination of the alleged victim. (*People* v. *Rodriguez,* Crim.

No. 15096 [unpublished].) The remittitur was filed in superior court on November 17, 1969. On December 5, 1969, the cause was restored to the superior court calendar and the sheriff was directed to transport defendant from state prison for the purpose of a retrial. Because that order had not been fulfilled, the case was continued to December 12, 1969. On that date, trial was set for January 13, 1970; it was trailed one day, to January 14, 1970, because defendant's counsel was engaged in another trial.

When the case was called for trial on January 14, 1970, the defendant announced himself ready for trial. The district attorney requested a continuance, representing to the court that his investigator, who had been assigned the responsibility of subpoenaing witnesses, had spent one day in that endeavor, but had been unable to locate the victim—an obviously essential witness. The request was opposed, but the trial court granted a continuance until January 23, 1970. The trial took place at that time, resulting in a conviction of violation of section 288. Defendant was sentenced to state prison; he has appealed; we affirm.

On appeal, defendant urges: (1) that the trial court erroneously admitted evidence of other offenses; and (2) that he was denied his right to a speedy trial as set forth in the state Constitution and in section 1382 of the Penal Code. For the reasons hereinafter set forth, we reject both contentions.

## I

Section 1382 of the Penal Code provides, in part, as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; . . ."

Under that section, January 16, 1970, was the last day on which the case could be set for trial. Defendant duly protected his rights by prompt objection to the requested continuance and by moving for a dismissal. The issue before us is whether or not the prosecution had shown "good cause" for the requested continuance; we conclude that it had not.

The right to a speedy trial is one guaranteed by article I, section 13 of the California Constitution "In criminal prosecutions, in any court

whatever, the party accused shall have the right to a speedy and public trial; . . ." It is a fundamental right long protected in this state. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 144 [32 Cal.Rptr. 44, 383 P.2d 452]; *Harris* v. *Municipal Court* (1930) 209 Cal. 55, 60 [285 P. 699].)

It is also well recognized that the various Penal Code sections setting specific limitation periods (e.g., sections 686, 739, 825, 1381-1387) were enacted to protect that fundamental right and the courts have closely followed these limitations unless the demands of justice otherwise required. (*Jones* v. *Superior Court, supra,* 3 Cal.3d 734; *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 810 [51 Cal.Rptr. 921, 415 P.2d 809]; *People* v. *Wilson, supra,* 60 Cal.2d 139, 148.)

In this case it is clear that the defendant did not consent to delay beyond the 60-day limit. The only "cause" shown for the delay was the unavailability of witnesses for whom an invesigator, during a 30-day period, had spent only one day looking. We cannot agree that "good cause" was shown for the delay. To do so would be to encourage the prosecution to seek delays and fail in their positive obligation to prosecute deligently by failing to positively and promptly seek out essential witnesses.[1]

But, on appeal after a judgment of conviction, a defendant must show more than an erroneous ruling of the trial court. Unless he seeks immediate relief by way of a prerogative writ, the defendant must show that the error resulted in a miscarriage of justice, within the meaning of article VI, section 13 (formerly art. VI, § 4½) of the state Constitution, i.e., he must convince the appellate court that the delay, in some material way, affected his ability to present a defense to the charge (*People* v. *Wilson* (1963) *supra,* 60 Cal.2d 139, 150-154.)[2] The record before us indicates

---

[1]The Attorney General refers us to the concluding language of section 1382, which reads as follows: "except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period *at the request of the defendant* or with his consent express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." But defendant never requested, or consented to, a trial court beyond the 60-day period—his only requested continuance was from the 57th to the 58th day—and he was present in court on the 58th day when the case was set. That argument is patently fallacious.

[2]We note that, in *People* v. *Archerd* (1970) 3 Cal.3d 615, 640 [91 Cal.Rptr. 397, 477 P.2d 421], the Supreme Court, in a case dealing with pre-indictment delay, distinguished the rules there applicable from those applicable in cases involving post-information delay in the following language: "Post-indictment delay does not require the showing of prejudice: it is presumed." We do not regard that language as affecting the holding in *Wilson;* it means only that, in the trial court (and presumably in this court in a pretrial writ proceeding), a defendant need not show prejudice.

no such prejudice to defendant. It follows that the error in continuing the trial beyond the period provided in section 1382 does not entitle defendant to a reversal.

## II

■ The People's case included testimony covering a substantial period of time on the afternoon of the day involved, during which defendant and two or three boys drove rather aimlessly around. It is argued that this evidence showed: (a) a theft of gasoline by defendant; and (b) a solicitation by defendant to commit robbery. But no objection was made to this testimony in the trial court; the objection (even if otherwise valid) is not available for the first time on appeal. (*People* v. *Williams* (1970) 11 Cal.App.3d 970, 979 [90 Cal.Rptr. 292]; *People* v. *Cruz* (1968) 260 Cal. App.2d 55, 58 [66 Cal.Rptr. 772]; *People* v. *Gant* (1967) 252 Cal.App. 2d 101, 116 [60 Cal.Rptr. 154]; *People* v. *Lindsay* (1964) 227 Cal.App.2d 482, 502 [38 Cal.Rptr. 755].)

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.