[Crim. No. 23811. Second Dist., Div. Two. Apr. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
EVERETT EUGENE WILSON, Defendant and Appellant.

914

## Counsel

Ian A. Bardin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Karen R. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**COMPTON, J.**—Appellant was convicted of forgery (Pen. Code, § 470) following trial by jury. He appeals from the judgment, contending "Appellant was denied his constitutional right to a speedy trial."

The charge arises out of alleged forgery of two endorsements to a Los Angeles County Welfare check and the uttering of the instrument as genuine. Appellant raises no issue as to the facts.

An information charging appellant with forgery was filed March 1, 1973. He pleaded not guilty, and the matter was set for trial April 10. On that date the People filed an amended information charging forgery of endorsements, and appellant was re-arraigned. Trial was continued to April 17, then to April 26, both times on motions of appellant's counsel, then trailed to April 27 on motion of the court, and to April 30 on motion of appellant's counsel. On April 30, the sixtieth day, the matter was again trailed one day on the court's motion. On May 1, the defense moved for continuance to May 4 because counsel was engaged. The matter was trailed from May 4 (Friday) to May 7 (Monday) on the court's motion because of calendar congestion.

At the commencement of May 7 proceedings, appellant (although he was represented by the public defender) moved in propria persona for dismissal on the ground he had not been accorded speedy trial as required by the California Constitution, article I, section 13, and by Penal Code section 1382, subdivision 2. The court denied the motion, holding that the 60-day provision of the statute had "been complied with to all intents and purposes." Thereafter *voir dire* examination of prospective jurors was undertaken. The jury was sworn and the first testimony heard May 8; trial was concluded the following day.

Appellant contends he did not waive his right to speedy trial, in that he himself did not request or consent to the various continuances. He argues—while conceding he can cite no authority therefor—that the right is one which cannot be waived by counsel. Appellant further states he was not present in court on the three occasions when the matter was continued on the court's motion, nor was his counsel present on two of those occasions.

The record indicates appellant was present in court each time his attorney was granted a continuance. It does not reflect that he made any objection. In absence of such objection, his consent is presumed. (Cf. *People v. Odegard*, 203 Cal.App.2d 427, 432 [21 Cal.Rptr. 515].) More-over, even if appellant had voiced an objection, his attorney would have had authority to seek continuance over the client's protest. (*People v. Ochoa*, 9 Cal.App.3d 500, 504, fn. 4 and 507 [88 Cal.Rptr. 399]; *People v. Snyder*, 276 Cal.App.2d 520, 523-524 [80 Cal.Rptr. 822].)

The right to speedy trial is deemed waived unless a defendant

*both* objects to the date set and thereafter files a timely motion to dismiss. (*People* v. *Wilson*, 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452].) He will not be permitted to wait until just before trial, by which time prospective jurors are assembled, the witnesses subpoenaed and in attendance and proceedings ready to begin. (*Idem*. at p. 145, fn. 3.)

▮ The matter having proceeded to trial and judgment, appellant cannot now be granted a more speedy trial by any action of this court. Reversal at this point would be warranted only if he could show he was prejudiced by the delay. (*People* v. *Wilson, supra*, at pp. 151-152; *People* v. *Lohman*, 6 Cal.App.3d 760, 769 [86 Cal.Rptr. 221], cert. den., 400 U.S. 995 [27 L.Ed.2d 444, 91 S.Ct. 469].) Appellant has made no showing that witnesses became dispersed or missing, or that he was otherwise injured.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.