[L.A. No. 31188. Oct. 23, 1980.]

RICHARD OWENS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Patrick G. Rogan and John L. Ryan, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Real Party in Interest.

OPINION

**BIRD, C. J.**—Can Penal Code section 1382, which requires that a person charged with a felony be brought to trial within 60 days of the filing of charges in superior court, be interpreted so as to give the state additional time by staying the operation of the statute during any continuances requested by a defendant?

I

An information filed on October 18, 1978, charged petitioner with two counts of robbery (Pen. Code, § 211) and alleged that he had used a firearm in committing one of those offenses. (Pen. Code, § 12022.5.) That same day, petitioner was arraigned, pleaded not guilty, and denied the allegation of firearm use. The public defender's office was appoint-

[Oct. 1980]

ed to represent him, and a pretrial conference and trial setting date were scheduled for November 17, 1978.

On that day, trial was set for January 4, 1979, at petitioner's request. Because this date was more than 60 days after the filing of the information,[1] petitioner personally waived time. However, on January 4, petitioner's counsel was engaged in another trial, and he suggested that petitioner's case be reset for January 11. Over the specific objection of petitioner, who remained in custody throughout the period in question, the court continued his trial to January 8. Defense counsel was occupied with yet another trial on January 8, so petitioner's case was continued to January 9 and again to the morning of January 11, at which time petitioner's attorney answered ready for trial.

However, the prosecution indicated that it had not yet located its witnesses, the two victims of the alleged robberies. The court recessed the matter until the afternoon session, where it learned that the prosecution would be unable to "ascertain their readiness" until January 15. The court thereupon trailed the case to that date.

The prosecution still had not contacted its witnesses by January 15 and requested that the court again trail the matter. Over petitioner's objection, the court ordered the matter trailed to January 22, which both the court and the attorneys regarded as the final day to commence trial within the limits set by section 1382.[2]

---

[1] In pertinent part, Penal Code section 1382 provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which in effect grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing in a municipal or justice court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

All statutory references are to the Penal Code unless otherwise indicated.

[2] Petitioner had consented to setting his trial for a date more than 60 days after the information had been filed. Accordingly, the court and counsel appeared to assume

On January 22, the prosecution indicated that it still had not located the witnesses, and petitioner moved to dismiss pursuant to section 1382. In response, the prosecution put on evidence in an attempt to establish good cause to continue the trial past the statutorily prescribed period. The court denied petitioner's motion to dismiss and found good cause to grant the prosecution's request to continue the case until the following day. (See *post*, at pp. 250-253.)

On January 23, the prosecution's witnesses were present in the courtroom. Petitioner renewed his motion to dismiss under section 1382, and the court again denied it. Petitioner then filed a petition for writ of prohibition/mandate, which the Court of Appeal summarily denied. His application for a hearing in this court was granted and the case retransferred to the Court of Appeal with directions to issue an alternative writ and with citations to section 1382 and *People* v. *Rodriguez* (1971) 15 Cal.App.3d 481 [93 Cal.Rptr. 182]. The Court of Appeal, with one justice dissenting, denied the writ petition. Petitioner reapplied for a hearing here, and this court again granted his request.

## II

This court must first determine whether delays requested by an accused are to be deducted from the 60-day statutory period when a speedy trial claim is raised under section 1382, subdivision 2. The issue posed is one of statutory interpretation, and a court's first recourse is properly to the language of the statute itself. (*Fay* v. *District Court of Appeal* (1927) 200 Cal. 522, 537 [254 P. 896].)

On its face, subdivision 2 of section 1382 makes no mention of suspending the running of the 60-day period. It provides that an accused is entitled to be brought to trial "within 60 days after the finding of the indictment or the filing of the information . . . ." This unqualified language seems to require a trial within 60 consecutive calendar days of

---

that the prosecution was entitled to an additional 10 days in which to bring petitioner to trial. Such a 10-day "grace period" is authorized by section 1382, subdivision 2, which provides in relevant part that ". . . an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

In the present case, the 10th day following January 11, when defense counsel announced ready for trial, was January 21, a Sunday, so the 10-day period would be extended until Monday, January 22. (*People* v. *Taylor* (1975) 46 Cal.App.3d 513, 534-535 [120 Cal.Rptr. 762]; Code Civ. Proc., § 12a.)

the filing of an information. This is consistent with the method of computing time which is ordinarily employed in this state. (See Code Civ. Proc., § 12.)[3] Had the Legislature intended that the 60 days were to consist only of those days of delay not requested by the accused, it would surely have made explicit provision for such an adjustment.

The legislative history of section 1382 substantiates the import of the statute's language, and makes clear that the "60-day" requirement involves 60 consecutive calendar days. Prior to 1959, the statutory right to dismissal for noncompliance with the 60-day requirement was extended only to "a defendant, whose trial has not been postponed upon his application . . . ."[4] There was no provision for a 10-day "grace period," and the statute was unclear as to whether an accused who obtained a postponement of his trial to a date past the 60-day limit thereby lost forever his statutory rights to a speedy trial and a dismissal. Moreover, section 1382 did not indicate whether these statutory rights were affected by an accused's request for a postponement to a date *within* the 60-day period.

These ambiguities in the statute led to confusion in the case law. For example, in *In re Lopez* (1952) 39 Cal.2d 118 [245 P.2d 1], this court held that an accused who consented to a trial date beyond the 60-day time limit thereby waived any statutory right he had to a dismissal on that date. However, the court continued, such consent "does not amount to a waiver of his constitutional right to a speedy trial nor of the *requirement that further delay must be justified on grounds of reasonableness and good cause.*" (*Id.*, at p. 120, citations omitted; italics added.) The *Lopez* court did not cite any source for this "requirement" of justification for further delay, and the Judicial Council noted a few years later that it was "not clear" whether the requirement was derived from section 1382. (Judicial Council of Cal., 17th Biennial Rep. (1959) pp. 31-32.)

---

[3]Section 12 of the Code of Civil Procedure provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

[4]Before it was amended in 1959, section 1382 provided: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the finding of the indictment, or filing of the information, or in case a new trial is to be had following an appeal from the superior court within 60 days after the filing of the remittitur in the trial court." (Stats. 1951, ch. 1674, § 140, p. 3856.)

There was even greater confusion in the cases regarding the effect of a postponement to a date within the 60-day period. As the Judicial Council observed, "It is not clear whether the defendant waives his right to claim under the section (see *People* v. *Buckley* (1897), 116 Cal. 146, 152 . . .), or whether the running of the statutory period is suspended during a delay caused by the defendant (see *People* v. *Peter* (1912), 20 Cal.App. 151, 152 . . .) or whether only a delay causing the trial to be set beyond the statutory period has any effect." (Judicial Council of Cal., 17th Biennial Rep., *supra*, p. 32, fn. 43.)

Pursuant to its constitutional mandate,[5] the Judicial Council urged the Legislature to clarify these ambiguities in section 1382. It "recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) except when the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed if it is not brought to trial within 10 days after the last date for trial to which the defendant consented. This will clarify the present rule by (a) establishing that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period, (b) fixing 10 days as a reasonable time for trial after expiration of the period consented to by the defendant, and (c) eliminating the possibility that delays attributable to a defendant which are wholly within the statutory period may prevent dismissal." (*Id.*, at p. 32.)

To implement its recommendations, the Judicial Council proposed an amendment to section 1382, which proposal was enacted as Senate Bill No. 614. The text of the eventual amendment adopted verbatim the language proposed by the Judicial Council. Insofar as relevant to the present case, the language added to subdivision 2 by the 1959 amendment remains intact today.

---

[5] In 1959, article VI, section 1a of the California Constitution provided, in pertinent part:

"The Judicial Council shall from time to time:

" . . . . . . . . . . . . . .

"(4) Report to the Governor and Legislature at the commencement of each regular session with such recommendations as it may deem proper.

"(5) Adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force; and the council shall submit to the Legislature, at each regular session thereof, its recommendations with reference to amendments of, or changes in, existing laws relating to practice and procedure." (See present Cal. Const., art. VI, § 6.)

■ "Reports of commissions which have proposed statutes that are subsequently adopted are entitled to substantial weight in construing the statutes. [Citations.] This is particularly true where the statute proposed by the commission is adopted by the Legislature without any change whatsoever and where the commission's comment is brief, because in such a situation there is ordinarily strong reason to believe that the legislators' votes were based in large measure upon the explanation of the commission proposing the bill." (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508].) Thus, the Judicial Council's explanation of its recommendation can leave little doubt that the Legislature also intended the 1959 amendment to "establish [] that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period" and to "eliminat[e] the possibility that delays attributable to a defendant which are wholly within the statutory period may prevent dismissal." (Judicial Council of Cal., 17th Biennial Rep., *supra*, p. 32.)[6] These desired effects are incompatible with a rule that delays requested by the accused toll the running of the statutory period.

The district attorney discusses neither the language nor the legislative history of section 1382, subdivision 2. Instead, he relies solely upon the authority of a line of cases decided by the Courts of Appeal in the 1960's in which delays requested by defendants were deducted from the 60-day statutory period when speedy trial claims were raised under section 1382, although there were other cases which assumed the statute meant what it said, 60 days was 60 days—no more no less.[7] (*People* v. *Harrison* (1960) 182 Cal.App.2d 758, 759 [6 Cal.Rptr. 345]; *People* v. *Burch* (1961) 196 Cal.App.2d 754, 761-762 [17 Cal.Rptr. 102]; *People* v. *Flores* (1968) 262 Cal.App.2d 313, 320 [68 Cal.Rptr. 669]; and *People* v. *Conway* (1969) 271 Cal.App.2d 15, 22 [76 Cal.Rptr. 251].) *Harrison*, the first of these cases, set forth the argument and the other three cases merely deferred to its authority in their computations of the

---

[6]A review of selected code legislation prepared for the State Bar's Committee on Continuing Education of the Bar similarly described the purpose and effect of the 1959 amendment: "Previously, if postponement of a trial was attributable to defendant, his right to a speedy trial was clouded (see *Stewart* v. *Superior Court*, 132 Cal.App.2d 536, 282 P.2d 582 (1955)); *People* v. *Buckley*, 116 Cal. 146, 47 Pac. 1009 (1897)). Now, when defendant secures postponement to a date *beyond* the statutory period of § 1382, the case must be dismissed unless defendant is brought to trial within 10 days after the last date for trial to which he himself has consented (Pen. Code § 1382). If defendant secures postponement to a date *within* the statutory period, then he must still be brought to trial within such period." (*Selected 1959 Code Legislation* (1959) 34 State Bar J. 581, 717.)

[7]For the latter group of cases, see footnote 8, *infra*.

60-day period. *Harrison*, in turn, relied on the two earlier cases of *People* v. *Peter, supra*, 20 Cal.App. 151, 152 [128 P. 415], and *People* v. *Martinelli* (1953) 118 Cal.App.2d 94, 96-97 [257 P.2d 37].

Obviously, these precedents for the *Harrison* interpretation did not take into account the 1959 amendment to section 1382, subdivision 2. In fact, the 1959 Judicial Council Report which proposed the present statute referred to *People* v. *Peter* as contributing to the very confusion which the Judicial Council sought to remedy. (See *ante*, at p. 245.) Even the Court of Appeal in *Harrison* did not construe or consider the 1959 amendment to section 1382, despite the fact that the case was decided after the amendment came into effect.[8]

Policy considerations also caution against acceptance of the *Harrison* interpretation since it encourages gamesmanship in our criminal trials. For example, if the prosecutor or the court wanted to increase the period beyond 60 days for a speedy trial, they would ask that a trial date be set very early so that the accused is forced either to risk going to trial unprepared or to waive the protections of section 1382 by requesting a postponement. In addition, such gamesmanship may encourage defense counsel to respond in kind. If defense counsel think that a later trial date is actually in the interest of the court or the prosecution as well, they may feel constrained to protect their clients' rights by feigning acceptance of the early date in the hopes of shifting the onus of requesting the delay to other shoulders. This type of manipulation of procedural rules for adversarial advantage should be avoided in our legal system. And a rule which would encourage this sort of dissembling and brinksmanship should not be promulgated by this court.

---

[8]In cases decided subsequent to the 1959 amendment, this court has calculated the 60-day period of section 1382, subdivision 2, without deducting delays requested by the accused, even though the issue was not expressly considered. (See *People* v. *Wilson* (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452] ["Here, defendant waived the original 60-day period and waived time for a considerable period thereafter. But the last day to which defendant in any way consented was August 25, 1960. This automatically brought into operation the 10-day provision of section 1382 of the Penal Code."]; *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 783 [126 Cal.Rptr. 251, 543 P.2d 619] ["By counsel's failure to object, and in some instances by his affirmative requests for delay, petitioner has effectively consented to every postponement up to and including November 18. When, through counsel, he objected on that day to any further continuance, the critical 10-day period commenced." (Citation omitted.)].)

In their published opinions various Courts of Appeal have similarly computed the 60-day period without excluding defense-requested postponements. These cases include: *People* v. *Marsh* (1969) 270 Cal.App.2d 365 [75 Cal.Rptr. 814]; *People* v. *Andrews* (1970) 14 Cal.App.3d 40 [92 Cal.Rptr. 49]; *People* v. *Grey* (1972) 23 Cal.App.3d 456 [100 Cal.Rptr. 245]; and *People* v. *Wilson* (1974) 40 Cal.App.3d 913 [115 Cal.Rptr. 619].

Further, if this unfortunate interpretation is given to the statute, endless wrangling would result when attempting to decide whether a given delay is to be characterized as "defense-requested." The courts will be forced to fashion a plethora of rules in order to resolve the disputes which are certain to arise. Consider the following questions. Should a delay be deducted as "defense-requested" where, at the time of trial setting, defense counsel suggests a particular trial date to accommodate his anticipated schedule? What if defense counsel requested an alteration of a trial date subsequent to its setting? Does it make any difference that the prosecution joined or acquiesced in the accused's request? Do pretrial motions which may require the postponement of the trial affect the rule? Does a delay "caused" by the illness, absence, or conflicting courtroom commitment of the accused, or the defense counsel, or any defense witnesses count? What do you do where delays are requested by one accused but not by his codefendants? These are but a few of the questions which must be addressed if a rule of deductability is read into section 1382. Confusion not clarity will reign.[9]

It should not be overlooked that the Legislature in enacting the 60-day rule provided a considerable period of time for the prosecution to prepare its case. The 60-day period does not even commence to run until charges have been formally filed in superior court. In the typical felony prosecution, charges are not filed in superior court until the accused has been arraigned in the municipal court and a preliminary examination held. As a result, the prosecution in reality has many more than 60 days in which to prepare the case for trial.

Once an accused has been held to answer at a preliminary examination in the municipal court, the prosecution is provided an additional 15 days in which to file an information. (§ 1382, subd. 1.) Also, if the accused requests, consents to, or causes the trial to be set beyond the 60 days following the filing of the information, the prosecution is afforded the additional 10-day "grace period" described above. (§ 1382, subd. 2.)

---

[9]The author of the dissent agreed with the position of the majority in the present case when, in 1975, he computed the 60-day period *without deducting the defense-requested delays* in *Townsend* v. *Superior Court, supra*, 15 Cal.3d 774. His present attempt to distinguish his computations in that case ignores the obvious. Section 1382, subdivision 2, clearly provides that the 10-day grace period comes into play only when the prosecution has already failed to bring an accused to trial within 60 days after the filing of charges in superior court. Thus, the conclusion in *Townsend* that the 10-day grace period had begun (*id.*, at p. 783) necessarily required a determination that the 60-day period had run, even though part of that period consisted of defense-requested postponements.

If the 60-day period is exceeded for reasons unattributable to the accused, the prosecution can prevent dismissal by a showing of good cause. (§ 1382.) When the action has been dismissed for want of prosecution, the prosecution is free to initiate a second prosecution for the same felony offense (§ 1387), which starts all statutory clocks running anew. Even if felony charges have been twice dismissed under section 1382, the prosecution can refile yet another time if it can show substantial new evidence which due diligence would not have uncovered at or prior to the dismissal. (§ 1387.) Clearly, the prosecution's interests are amply protected under the present statutory scheme without rewriting the statute.

Having recognized that "[t]he welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time" (§ 1050), the Legislature enacted section 1382 to implement an accused's constitutional right to a speedy trial. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10].) This fundamental right should not be weakened nor gamesmanship encouraged by the adoption of the *Harrison* interpretation. This court should respect the legislative intent behind section 1382, subdivision 2, as clearly revealed in the language and legislative history of that section. ■ Accordingly, this court holds that the 60-day period designated in Penal Code section 1382, subdivision 2, refers to the 60 *calendar* days following the filing of the accusatory pleading.[10]

Under the facts of this case, there can be no doubt that the state failed to bring petitioner to trial within the prescribed time limits. The information was filed on October 18, 1978, so that the 60-day period expired on December 18.[11] Since petitioner waived time and requested the trial date of January 4, 1979—i.e., beyond the 60-day period—the statutory provision for a 10-day "grace period" becomes relevant. (See

[10]Insofar as they are inconsistent with this holding, the cases relied upon by the district attorney—*People* v. *Harrison, supra,* 182 Cal.App.2d 758; *People* v. *Burch, supra,* 196 Cal.App.2d 754; *People* v. *Flores, supra,* 262 Cal.App.2d 313; and *People* v. *Conway, supra,* 271 Cal.App.2d 15—are disapproved. Other cases referring to the *Harrison* rule in dicta include: *Dulsky* v. *Municipal Court* (1966) 242 Cal.App.2d 288, 292 [51 Cal.Rptr. 381]; *People* v. *Addison* (1967) 256 Cal.App.2d 18, 22, footnote 2 [63 Cal.Rptr. 626]; and *Hankla* v. *Municipal Court* (1972) 26 Cal.App.3d 342, 361 [102 Cal.Rptr. 896]. Insofar as these cases conflict with our present holding they too are disapproved.

[11]The 60th day following October 18 was actually December 17. However, since December 17 was a Sunday, the final date to commence trial within the 60-day provision would have been December 18. (See *ante,* fn. 2.)

*ante,* fn. 2.) As previously noted, this provision requires that an accused who has consented to a trial date outside the 60-day period must be brought to trial within 10 calendar days of the latest trial date to which he consented.

The latest trial date to which petitioner could be deemed to have consented was January 11, 1979, when his counsel announced he was ready for trial.[12] Thus, January 22 was the "tenth" and last day authorized by statute to commence trial. (See *ante,* fn. 2.) However, the prosecution was not ready to proceed until January 23. Clearly, there was no trial within either the 60-day or 10-day periods provided by section 1382.

## III

The sole remaining issue is whether the prosecution established good cause for the delay in bringing petitioner to trial. ▮ If good cause existed, the burden of showing it fell upon the prosecution. (*People* v. *Clark* (1965) 62 Cal.2d 870, 882 [44 Cal.Rptr. 784, 402 P.2d 856]; *Harris* v. *Municipal Court* (1930) 209 Cal. 55, 64 [285 P. 699].) The determination as to whether or not good cause has been demonstrated depends upon the circumstances of each case. (*In re Lopez, supra,* 39 Cal.2d at p. 120.)

When, as in the present case, a claim of good cause is based on the need for additional time to secure the attendance of prosecution witnesses, a particularized showing is required. Even in those situations where an accused's right to a speedy trial is not at stake, "[i]n order to invoke the discretion of the trial court to grant a continuance to obtain the presence of a witness, the moving party has the burden of showing

---

[12]Petitioner's trial had been postponed from January 4 to January 11 because of his attorney's trial obligations elsewhere, even though petitioner himself had objected to the delay. In apparent reliance on this court's holding in *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, the court and counsel below assumed that a defense attorney could waive his client's rights to a speedy trial over the client's express objections. In the recent case of *People* v. *Johnson* (1980) 26 Cal.3d 557, 566-569 [162 Cal.Rptr. 431, 606 P.2d 738], however, this court clarified its earlier holding and determined that an appointed attorney may not so waive the speedy trial rights of one of his clients in order to favor the speedy trial interests of another client. Although, on the facts of this case, petitioner's objection on January 4 to any further delay would appear sufficient to activate the 10-day grace period of section 1382, subdivision 2, the parties and the court assumed that the statutory period did not expire until January 22.

It is unnecessary to determine whether the 10-day period might have commenced on January 4, since, for reasons discussed elsewhere in this opinion, the prosecution did not demonstrate good cause for failing to bring the case to trial within the 10-day period commencing January 11.

that the following legal criteria have been satisfied: (1) That the movant has exercised due diligence in an attempt to secure the attendance of the witness at the trial by legal means; (2) that the expected testimony is material; (3) that it is not merely cumulative; (4) that it can be obtained within a reasonable time; and (5) that the facts to which the witness will testify cannot otherwise be proven." (*People* v. *Wilson* (1965) 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267], citations omitted. Cf. *Ford* v. *Superior Court* (1911) 17 Cal.App. 1, 10-11 [118 P. 96].)

In the present case the prosecution failed to demonstrate due diligence in attempting to procure the attendance of its witnesses. The testimony of the prosecution investigator revealed that the witnesses were within the jurisdiction, that they had shown no signs of being either elusive or uncooperative, that they had not moved from the residences they had occupied at the time of the preliminary examination, and that the prosecution was at all times aware of the witnesses' addresses and telephone numbers.[13]

Although it had nearly two months since the first trial date was set to do so, the prosecution did not begin to undertake any active efforts to make personal contact with its witnesses until January 15, when it requested the court to put over the case to enable it to "send somebody else out to look." The investigator testified that after January 15, he "probably made a few phone calls" to both witnesses without reaching either, and on January 19 made one trip to the residence of one of the witnesses in an unsuccessful effort to contact him. There was no attempt to visit the residence of the other witness. One witness had telephoned in response to the investigator's messages shortly before the January 22 hearing and agreed to come to court the following morning. The investigator never spoke with the other witness.

The prosecution's investigator also testified that subpoenas had been mailed to the witnesses in accordance with the regular practice of the Los Angeles District Attorney's office. He said that ordinarily subpoenas are mailed to witnesses a couple of weeks before the trial date. The subpoenas are stamped with a message, requesting the witnesses to con-

---

[13]Of course, in the unusual circumstance in which the prosecution can show that its inability to produce a subpoenaed witness was the direct result of continuances requested by an accused, those delays would be relevant as to whether or not the prosecution exercised "due diligence." This is not present in the case before this court.

tact the district attorney so that they might thereby be placed on call.[14] The investigator did not know whether either of the witnesses in the present case had responded to the mailed subpoenas and thought that one witness" subpoena was "probably returned 'addressee unknown.'"

The trial court noted that the 10-day grace period had actually included two weekends, and had thus provided what it characterized as "really a very good opportunity to go out and get the witnesses." The court also expressed some skepticism about the sufficiency of the prosecution's exertions: "I will say candidly I don't know if it's manpower or what, but more effort could have been made to get these witnesses." ▆ ▆▆ ▆ Nonetheless, the court denied petitioner's motion to dismiss because "at least the People have made some effort" and because the requested delay was "not that onerous on the defendant."[15]

The present case is factually similar to the case of *People v. Rodriguez, supra,* 15 Cal.App.3d 481. In *Rodriguez,* a trial date was selected one month in advance. The prosecution subsequently sought to continue the trial beyond the 60-day period in order to secure the presence of the victim on a showing that its investigator had spent one day endeavoring unsuccessfully to locate and subpoena the witness. The trial court granted the continuance and denied the accused's motion to dismiss.

The Court of Appeal found these rulings to be erroneous: "The only 'cause' shown for the delay was the unavailability of witnesses for whom an investigator, during a 30-day period, had spent only one day

---

[14]The investigator explained that this procedure had been adopted to avoid inconveniencing the prosecution's witnesses and to save the county the expense of personal service. The district attorney's concerns for his witnesses' schedules and the county's funds may be otherwise commendable but do not rise to the level of good cause to avoid a dismissal under section 1382. An accused's trial may not be postponed beyond the statutory period merely to accommodate the convenience of prosecution witnesses. (*Pickett v. Municipal Court* (1970) 12 Cal.App.3d 1158, 1162 [91 Cal.Rptr. 315]; *Cunningham v. Municipal Court* (1976) 62 Cal.App.3d 153, 155-156 [133 Cal.Rptr. 18].) And failure to undertake reasonable efforts to see that a subpoena is served has been regarded as indicative of a lack of due diligence. (*People v. Collins* (1925) 195 Cal. 325, 333 [233 P. 97], and cases cited therein.)

[15]When an accused seeks pretrial relief for a violation of his statutory right to a speedy trial, he is not obliged to show that he has been prejudiced by the delay. (*People v. Wilson, supra,* 60 Cal.2d at p. 151.) If no good cause for the delay is shown, the court must dismiss the charges, regardless of its assessment of how burdensome the accused might have found the delay. (See *People v. Fegelman* (1944) 66 Cal.App.2d 950 [153 P.2d 436] [unexcused one-day delay beyond statutory period requires dismissal].) However, this court has held that after a judgment of conviction, a showing of actual prejudice is required. (*People v. Wilson, supra,* 60 Cal.2d at p. 152.)

looking. We cannot agree that 'good cause' was shown for the delay. To do so would be to encourage the prosecution to seek delays and fail in their positive obligation to prosecute deligently [*sic*] by failing to positively and promptly seek out essential witnesses." (*Id.*, at p. 484, fn. omitted.)

█ These same concerns compel this court to conclude that the prosecution's meager attempts to locate its witnesses within the statutory period did not establish good cause to delay the trial and avoid dismissal. (See *Pickett* v. *Municipal Court, supra*, 12 Cal.App.3d at p. 1162; *Caputo* v. *Municipal Court* (1960) 184 Cal.App.2d 412, 419 [7 Cal.Rptr. 435]; *People* v. *Fegelman, supra*, 66 Cal.App.2d at p. 952; *People* v. *Buckley, supra*, 116 Cal. at p. 153.) When faced with the prospect of an imminent dismissal, the prosecution's belated efforts to produce their witnesses yielded almost immediate results. This fact is a strong indication that earlier efforts along the same lines would have yielded results.

The trial court abused its discretion when, despite its misgivings, it found good cause to continue the trial and deny the motion to dismiss. (*Matter of Ford* (1911) 160 Cal. 334, 348-349 [116 Cal.Rptr. 757]; *Harris* v. *Municipal Court, supra*, 209 Cal. at p. 65.) Accordingly, this court[16] directs that a peremptory writ of mandate issue ordering the superior court to do what it was clearly bound to do in the absence of a showing of good cause—dismiss the information. (*Matter of Ford, supra*, 160 Cal. at p. 349.)

Tobriner, J., Mosk, J., Manuel, J., and Newman, J., concurred.

**RICHARDSON, J.**—I respectfully dissent.

Penal Code section 1382 requires that a person charged with a felony be brought to trial within 60 days of the filing of charges in the superior court. However, the section also contains this proviso: "[A]n action shall not not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period *at the request of the defendant or with his consent, express or implied,* or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." (Italics added.)

---

[16]The author of the dissent agreed with the position of the majority in the present case when, in 1975, he computed the 60-day period *without deducting the defense-requested delays* in *Townsend* v. *Superior Court, supra*, 15 Cal.3d at page 783.

Before the majority's decision, in interpreting section 1382 California courts had uniformly held that any period of delay which was requested by the defendant must be deducted from the 60-day period in determining compliance with the statute. This is wholly logical and reasonable. On principle, why should the defendant not be charged with the continuances or extensions requested by him and which serve his convenience and purposes? Thus, in *People v. Harrison* (1960) 182 Cal.App.2d 758 [6 Cal.Rptr. 345], the court applied section 1382 to a case wherein 69 days elapsed between the filing of the information and the commencement of trial. The court sustained the position urged by the then Attorney General and affirmed defendant's conviction, concluding that "16 days of the total of 69 days were requested by the defendant and must be deducted therefrom, leaving a balance of 53 days, a time well within the 60-day limit...." (P. 759.) The *Harrison* court cited with approval an earlier opinion of Justice Peters in *People v. Martinelli* (1953) 118 Cal.App.2d 94, 96 [257 P.2d 37].

The following year, again at the Attorney General's urging, the same principles were confirmed in *People v. Burch* (1961) 196 Cal.App.2d 754, 761-762 [17 Cal.Rptr. 102].

Seven years later Justice Hufstedler, writing in *People v. Flores* (1968) 262 Cal.App.2d 313 [68 Cal.Rptr. 669], faced with a 112-day lapse between the filing of charges and date of trial noted that "[T]here must be deducted from those days 63 days... attributable to a continuance upon defense counsel's motion, with the consent of the defendant, leaving a balance of 49 days, a time well within the 60-day limit." (P. 320.)

Finally, in 1969 Justice Donald Wright speaking again for a unanimous court in *People v. Conway* (1969) 271 Cal.App.2d 15, 22 [76 Cal.Rptr. 251], confronted by a 65-day lapse between the filing of the information and trial, deducted a 14-day delay requested by defendant in determining that defendant was brought to trial within the 60-day period required by section 1382.

*Harrison, Burch, Flores*, and *Conway* pointed the clear direction of California law. There was no ambiguity or uncertainty. Significantly, we unanimously denied a hearing in *Harrison, Burch* and *Conway*. There was not a single dissenting voice in the four cases. Three more appellate cases, again without a dissenter, have relied on *Harrison: Hankla v. Municipal Court* (1972) 26 Cal.App.3d 342, 361 [102 Cal.

Rptr. 896]; *People* v. *Addison* (1967) 256 Cal.App.2d 18, 22, footnote 2 [63 Cal.Rptr. 626]; and *Dulsky* v. *Municipal Court* (1966) 242 Cal. App.2d 288, 292 [51 Cal.Rptr. 381]. The majority thus by one stroke disapproves and reverses seven unanimous, carefully reasoned, consistent appellate opinions decided within the past twenty years.

The reason given by the majority for its abrupt judicial U-turn in California law, apparently, is the sudden discovery that the appellate justices in each of these 7 cases have either overlooked, forgotten, or "did not take into account" the 10-day limitation provision of section 1382. With due deference, I suggest that in unsettling this firmly established rule, the majority is transparently wrong. The majority's view is that, because of the section's legislative history, even though the defendant has contributed to a delay which extends beyond the 60-day period, the case must be tried within 10 days *after his delay ceases* without deducting from the 60-day period any time period attributed to defendant. The majority's argument is fully and cogently answered, however, by Presiding Justice Files in his opinion for the Court of Appeal in this case: "There are two answers to this contention: [¶] First, all 4 of the cases cited above [i.e., *Harrison, Burch, Flores*, and *Conway*] which held that the defendant's delay is not counted in the 60-day period, were decided after the 1959 amendment [to § 1382, adding the 10-day provision] became effective, and none so interpreted the statute. [¶] Second, the 1959 amendment does not purport to affect the manner in which the 60-day period is counted. The 10-day provision, added in 1959, is an exception to the otherwise applicable 60-day limitation. It is an exception which applies after the expiration of the 60 days allowed by the preceding clause." (Fn. omitted.)

In similar fashion the majority wholly fails in its attempt to find some inconsistency between the established line of authorities heretofore described and *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619]. In *Townsend* our attention was wholly focused on the 10-day grace period contemplated by section 1382, subdivision 2. This readily appears throughout our discussion on pages 782-783 of the opinion. As we stated, "When, through counsel, he objected on that day to any further continuance, *the critical 10-day period commenced*." (Italics added, p. 783.) In *Townsend*, we *rejected* the defendant's speedy trial claim, on the basis (among others) that trial was properly set within the 10-day grace period following defendant's objection to further continuances. Having rejected defendant's claim on that ground, we had no occasion whatever to explore the further ques-

tion whether the initial 60-day period might have been tolled during the period of defendant's own delay. The point was simply not before us in *Townsend*. As the majority opinion itself acknowledges, "The issue was not expressly considered," in that case. (*Ante*, p. 247, fn. 8.)

Moreover, I am unable to accept the majority's premise that the approximately 20 different appellate justices who, over a period of 20 years, have examined this problem following adoption of section 1382, subdivision 2, were insensitive to or ignored the 1959 amendment. A fair reading of these opinions gives no hint whatever that such was the case. Nor, contrary to the majority, from a policy standpoint do I foresee the reduction of any potential "gamesmanship" by permitting defendant to consume perhaps the greater part of the 60-day period with his own requested continuances thus forcing a trial, regardless of circumstances, within the unexpired portion of the statutory period upon pain of dismissal of the criminal charges.

I fully share in the reasoning of Justice Tobriner, the author of *Burch*, who in properly rejecting another defendant's identical argument, concluded that it would be "anomalous. . .that a delay to which he contributed,. . .defeated his constitutional and statutory right to a speedy trial." (P. 762.) This analysis is correct, and when logical consistency is coupled with principles of reciprocal fairness and common sense we should not unsettle a sound rule so firmly established.

Because I would hold that the 60-day period was extended by defendant's own requests for continuances, I would not reach the question of whether good cause existed for the People's own delay in bringing the case to trial.

I would deny the peremptory writ.

Clark, J., concurred.