[No. B031537. Second Dist., Div. Three. Jan. 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO PEREZ, Defendant and Appellant.

COUNSEL

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Marc E. Turchin and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DANIELSON, J.—Roberto Perez (defendant) appeals from a judgment of conviction following a second jury trial at which time he was found guilty of vehicular burglary (Pen. Code, § 459[1]) as charged in a one count information.

We affirm the judgment.

### FACTUAL AND PROCEDURAL STATEMENT

The information was filed on April 2, 1987. On June 5, 1987, the court declared a mistrial after the jury in the first trial was unable to reach a verdict. The jury in the second trial returned a verdict of guilty on August 7, 1987.

During the second trial the following testimony was admitted: Los Angeles police officer Leonard Mora testified that while off duty he was employed as a security guard for "The Chorus Line," a clothing manufacturer. He knew the victim Lorraine W. drove a 1984 silver Toyota, because part of his duties was to provide security for employees' vehicles. At the time of the burglary on February 18, 1987, Officer Mora worked with Shawn Mahoney, another off-duty Los Angeles police officer.

Officer Mahoney testified that he observed Lorraine on the morning of the burglary arrive at work, lock her vehicle, and walk into the company building. Sometime thereafter he noticed a brown Chevrolet double-park next to a line of employee vehicles. Defendant exited the passenger side of the Chevrolet and walked towards the vehicles.

Officer Mora testified that he heard what he thought sounded like shattering glass. When he turned in the direction of the sound, he saw the

---

[1] All further section references are to the Penal Code unless otherwise indicated.

Chevrolet parked adjacent to the Toyota. He observed defendant entering the front door of the Toyota. He further testified that he saw defendant exit the right front door of the Toyota while holding a car stereo.

Both officers testified: They identified themselves as police officers, shouted for defendant to stop, and started running after defendant. The officers then observed defendant first enter the Chevrolet, get out of the vehicle, drop the stereo on the ground beneath the vehicle, and then run away in the direction opposite from the officers. They eventually overtook defendant. After turning defendant over to a police officer, the officers returned to the Toyota. They observed that the right rear window had been smashed completely out, the stereo was missing from the dashboard, and wires dangled from the dashboard.

Lorraine did not appear at trial. Following a hearing, the court found the prosecution had shown due diligence in attempting to procure her appearance and that Lorraine was unavailable to testify. The court then allowed her testimony from the first trial to be read to the jury. According to her testimony, Lorraine drove a 1984 silver Toyota. On the day of the burglary, she arrived at work, locked the vehicle, and did not give anyone permission to break into the vehicle.

No substantive defense was presented by defendant.

## ISSUES PRESENTED

Defendant does not challenge the sufficiency of the evidence to support the judgment. His sole assignment of error concerns the admission of Lorraine's testimony from the first trial. ■ The thrust of his position is the court erred in finding she was unavailable as a witness since the prosecution failed to sustain its burden to show due diligence in procuring her presence at trial. Specifically, he complains that service of a subpoena by mail on Lorraine was inadequate to establish the requisite due diligence. Alternatively, he complains the service was defective, because it incorporated an unauthorized "on-call" basis for the witness's appearance. He further asserts that the remedy for noncompliance with the subpoena was to continue the trial instead of admitting Lorraine's testimony from the first trial.

We find no merit to defendant's contentions.

## DISCUSSION

I. *Standard of Review*

Testimony of a witness in a prior trial is admissible if the witness is unavailable at the subsequent trial. (See, e.g., *People v. Phillips* (1969) 270

Cal.App.2d 381, 387-388 [75 Cal.Rptr. 720, 45 A.L.R.3d 105]; *Barber* v. *Page* (1968) 390 U.S. 719, 722, 725 [20 L.Ed.2d 255, 258-259, 260, 88 S.Ct. 1318]; see also, § 686, subd. 3(a); Evid. Code, §§ 240, subd. (a)(5), 1291.) A witness is "unavailable" if the declarant is "[a]bsent from the hearing and the proponent of his or her statement has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process." (Evid. Code, § 240, subd. (a)(5).)

■ The burden of establishing unavailability and due diligence is on the prosecution. (*People* v. *Enriquez* (1977) 19 Cal.3d 221, 235 [137 Cal.Rptr. 171, 561 P.2d 261, 3 A.L.R.4th 73]; *People* v. *Benjamin* (1970) 3 Cal.App.3d 687, 696 [83 Cal.Rptr. 764].) "The term 'due diligence' is, however, 'incapable of a definition so mechanical and precise as to constitute a rule of thumb' [citation] . . . and depends upon the facts and circumstances of each particular case. [Citations.]" (*Id.* at p. 696.)

II. *Evidence of Unavailability and Due Diligence*

■ ■ At the hearing on the motion to introduce Lorraine's prior testimony, it was established that Lorraine had never been personally served with a subpoena to appear. Instead, the prosecution served her with the subpoena by mail for a trial date on July 24, 1987. Lorraine then called the prosecution and acknowledged receipt of the subpoena. At that time she was informed she was "on-call" for 10 court days, i.e., from July 24, 1987, through August 7, 1987. She promised to be available during that time frame and gave her date of birth and California driver's license number. However, on August 3, 1987, the prosecution was informed by someone at Lorraine's work place that Lorraine was on vacation through August 18, 1987. On August 4, 1988, the prosecution attempted to effect personal service on Lorraine to appear on August 5, 1987, but no one was at her residence. A message informing her to appear on August 5 and to call back was left on Lorraine's answer phone.

III. *Propriety of Service of Subpoena by Mail*

Service of a subpoena by mail is expressly authorized pursuant to section 1328d.[2] The record reflects the prosecution followed the statutory proce-

---

[2]In pertinent part section 1328d provides: "Notwithstanding Section 1328, a subpoena may be delivered by mail or messenger. Service shall be effected when the witness acknowledges receipt of the subpoena to the sender, by telephone, by mail, or in person, and identifies himself or herself by reference to his or her date of birth and his or her driver's license number or Department of Motor Vehicles identification card number. The sender shall make a written notation of the identifying information obtained during any acknowledgment by telephone or in person. A subpoena issued and acknowledged pursuant to this section shall have

dure. Section 1328d specifically provides: "A subpoena issued and acknowledged pursuant to this section shall have the same force and effect as a subpoena personally served." Accordingly, Lorraine was properly served with subpoena, and thus, she was subject to the court's process.

We find defendant's reliance on *Owens* v. *Superior Court* (1980) 28 Cal.3d 238 [168 Cal.Rptr. 466, 617 P.2d 1098] for a contrary conclusion to be misplaced. In *Owens* our Supreme Court criticized the procedure of serving a subpoena by mail. (*Id*. at pp. 251-252, fn. 14.) The *Owens* decision, however, did not expressly disapprove of such procedure as unconstitutional or otherwise unlawful. Moreover, when *Owens* was decided, service of a subpoena by mail was not specifically authorized by law. The *Owens* decision antedated the enactment of section 1328d by Statutes 1983, chapter 541, section 1, page 2347, which expressly authorized the procedure followed by the People here in serving Lorraine.

Defendant's reliance on *People* v. *Masters* (1982) 134 Cal.App.3d 509, 521-528 [185 Cal.Rptr. 134], is likewise misplaced since that decision also antedated the adoption of section 1328d.

We also reject defendant's reliance on *People* v. *St. Germain* (1982) 138 Cal.App.3d 507 [187 Cal.Rptr. 915] and *People* v. *Blackwood* (1983) 138 Cal.App.3d 939 [188 Cal.Rptr. 359], on the ground those cases are factually inapposite. In *People* v. *St. Germain, supra,* 138 Cal.App.3d 507, the court found the prosecution had failed to show due diligence in that it had failed to avail itself of the procedure of having a subpoena issued by the federal court to secure the appearance of a witness who was in a foreign country. (*Id*. at p. 517.) Similarly, in *People* v. *Blackwood, supra,* 138 Cal.App.3d 939, the prosecution failed to attempt service through the interstate process. (*Id*. at pp. 945-948.) Here, Lorraine was properly under subpoena pursuant to the procedure authorized under section 1328d.

IV. *Propriety of Witness Availability on "On-call" Basis*

■ We find no merit to defendant's assertion that the subpoena was defective for the reason section 1328d does not specifically authorize the "on-call" procedure utilized in conjunction with the subpoena served on Lorraine. Section 1328d does not address the contents of a subpoena, such as the time for the witness's appearance. The format for such matters is, instead, governed by section 1327. We note that nothing in section 1327

---

the same force and effect as a subpoena personally served. Failure to comply with a subpoena issued and acknowledged pursuant to this section may be punished as a contempt and the subpoena may so state; provided, that a warrant of arrest or a body attachment may not be issued based upon a failure to appear after being subpoenaed pursuant to this section."

proscribes the instant "on-call" procedure, which is dehors the subpoena itself.

Moreover, we find the "on-call" procedure at issue comports with section 1331.5, which provides in pertinent part: "Any person who is subpoenaed to appear at a session of court, or at the trial of an issue therein, may, in lieu of appearance at the time specified in the subpoena, agree with the party at whose request the subpoena was issued, to appear at another time or upon such notice as may be agreed upon."

## V. *Continuance Procedure Under Section 1328d*

■ Defendant's remaining contention is the court erred in admitting the prior testimony of Lorraine since a continuance of trial was the proper remedy under section 1328d.

We disagree. Section 1328d[3] authorizes a continuance upon the request of a party upon the failure of the witness to appear pursuant to a subpoena issued under that section. The provisions of section 1328d concerning such a continuance are triggered only upon the request of a party for a continuance under those circumstances. A plain reading of section 1328d's unambiguous language does not support defendant's position that a continuance is the sole recourse of the party whose witness failed to comply with the subpoena issued under that section. Here the prosecution did not request a continuance. The trial court was therefore not remiss in failing to consider a continuance of trial in lieu of admitting Lorraine's prior testimony.

## VI. *Conclusion*

■ Based on the foregoing and our independent review of the record, we find no error nor abuse of discretion flowing from the trial court's finding of due diligence. (*People* v. *Hovey* (1988) 44 Cal.3d 543, 563-564 [244 Cal.Rptr. 121, 749 P.2d 776].) By effecting service of a subpoena under section 1328d on Lorraine, the prosecution met its burden to show the exercise of due diligence to obtain her presence at trial.

---

[3] In this regard, section 1328d provides: "A party requesting a continuance based upon the failure of a witness to appear in court at the time and place required for his or her appearance or testimony pursuant to a subpoena, shall prove to the court that the party has complied with the provisions of this section. Such a continuance shall only be granted for a period of time which would allow personal service of the subpoena and in no event longer than that allowed by law, including the requirements of Sections 861 and 1382."

## Decision

The judgment is affirmed.

Klein, P. J., and Arabian, J., concurred.