[No. B044671. Second Dist., Div. Five. Feb. 26, 1990.]

DELTON BAKER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Barry M. Karl and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BOREN, J.**—Petitioner challenges an order of the respondent court denying his motion to dismiss for failure to commence his trial within the time limits set forth in Penal Code section 1382. We grant the petition.

## FACTS

An information filed on May 3, 1989, charged petitioner with commercial burglary (Pen. Code, § 459). The provisions of Penal Code, section 1382, required the People to bring petitioner to trial within 60 days of that date.[1]

The matter was continued several times for pretrial hearing to May 25. On that date, petitioner, who had been free on bail, notified the court that he could not get off work to attend court that day. The court issued a bench warrant, petitioner appeared the next day, and the warrant was recalled.

At another pretrial hearing on June 13, the respondent court set the case for trial on July 14, despite petitioner's objection that under section 1382, trial must commence by July 3. The court, however, accepted the People's position that petitioner's failure to appear on May 25, and the ensuing bench warrant, started the 60-day period running anew.[2] On July 7, a date beyond the initial 60-day period, petitioner filed a motion to dismiss. The motion was denied and this petition followed.[3]

---

[1] Penal Code section 1382 provides, "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: . . .(b) When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . ."

[2] The district attorney stated the People's position as follows: "Penal Code very clearly provides when there's a bench warrant, there's 60 days that start running from the date of arraignment on bench warrants. And I show he was brought in here in a bench warrant May 26. So we would have 60 days from that date. I think it's very clear Penal Code." The district attorney was apparently referring to the following portion of section 1382, subdivision (b): "Whenever a case is set for trial beyond the 60-day period at the request of the defendant, and the defendant fails to appear on the date set for trial and a bench warrant is issued, the defendant shall be brought to trial within 60 days after the defendant next appears in the superior court."

[3] Petitioner failed to appear on the scheduled trial date, July 14, and a bench warrant issued. Petitioner appeared on July 21, having been arrested on the bench warrant, but his attorney was not available on that date. Petitioner's motion to dismiss was continued due to court congestion and was ultimately heard on August 25. We reject the People's argument that petitioner waived his right to bring a motion to dismiss by failing to appear on July 14. Petitioner preserved his right to dismissal by objecting to a trial setting beyond the initial 60-day period. The People's argument, by analogy, would compel a defendant to forfeit his right to bring any pretrial motion (such as a motion to set aside the information (Pen. Code, § 995) or a motion to suppress evidence (Pen. Code, § 1538.5)), if he failed to appear on the date set for the hearing.

■ Clearly, petitioner's failure to appear on May 25 did not prevent the court from setting the case for trial within the initial 60-day period. The most that can be said for this failure to appear is that it delayed proceedings by one day, and in any event the one-day delay did not toll or extend the initial 60-day period in any way. (*Owens v. Superior Court* (1980) 28 Cal.3d 238 [168 Cal.Rptr. 466, 617 P.2d 1098].) Thus, because the court set petitioner's case for trial beyond the 60-day period, without good cause, the case must be dismissed.

## DISCUSSION

The People now concede the lack of any statutory authority for the proposition that petitioner's failure to appear on May 25 commenced a new 60-day period. However, the People take heart from the language quoted in footnote 2, *ante*, to the effect that when a case is set for trial beyond the 60-day period at the request of the defendant, but the defendant fails to appear on that date and a bench warrant is issued, a new 60-day period commences on the date the defendant next appears. Despite the absence of any similar language relating to the initial 60-day period, the People argue that the "failure to appear" provision should likewise apply where the defendant fails to appear during that time.

The People's argument lacks merit, for several reasons. The most obvious is that the Legislature had the opportunity to include such language in the 1982 amendment to section 1382, but declined to do so. Second, the expanded interpretation of section 1382 urged by the People is directly contrary to prevailing case law, specifically *Owens* v. *Superior Court, supra,* 28 Cal.3d 238. ■ Finally, the only basis for the People's argument is that it "appears to be warranted by equal protection principles." As petitioner points out, the equal protection clause protects people, not states. (*Pennsylvania* v. *New Jersey* (1976) 426 U.S. 660, 665 [49 L.Ed.2d 124, 129-130, 96 S.Ct. 2333].)

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of August 25, 1989, denying the motion of defendant Delton Baker to dismiss the information, and enter a new and different order granting the motion, in People v. Delton Baker, Los Angeles Superior Court No. A-0985631.

Lucas, P. J., and Ashby, J., concurred.