MEMORANDUM ***
Petitioner Alex Carreon was convicted by a jury in California state court of assault with intent to commit rape, forcible sexual penetration with a foreign object, and assault with force to produce great bodily injury. He appeals the district court’s decision to deny his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We affirm.
Carreon argues the delay between his arrest and trial violated his right to a speedy trial under the Sixth Amendment. We balance four factors to evaluate a Sixth Amendment speedy trial claim: “(1) the length of the delay; (2) the reason for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant.” United States v. Gregory, 322 F.3d 1157, 1161 (9th Cir.2003) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). In applying this standard, the California Court of Appeal measured the delay as the time between the second felony complaint and Carreon’s trial. That decision was “an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). The Supreme Court has held the time between a defendant’s arrest until his trial is the relevant time period, even when the initial charging document is dismissed. See United States v. Loud Hawk, 474 U.S. 302, 314, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (evaluating the entire 90-month delay between the defendants’ arrests until trial even though the district court dismissed, and the government re-filed, multiple indictments throughout the case). Because the California Court of Appeal unreasonably applied Federal law, we review Carreon’s Sixth Amendment speedy trial claim de novo. See Castellanos v. Small, 766 F.3d 1137, 1146 (9th Cir.2014) (“If the state court applies a legal standard that contradicts clearly established federal law, we review de novo the applicant’s claims, applying the correct legal standard to determine whether the applicant is entitled to relief.”).
Carreon’s claim fails under de novo review. The first factor “is a threshold issue,” and triggers an inquiry into the remaining factors if the delay is longer than one year. Gregory, 322 F.3d at 1161—62. Because the delay between Carreon’s arrest and his trial was more than one year, we evaluate the other three factors.
First, the “reason for the delay” is the “focal inquiry” of the analysis. United States v. King, 483 F.3d 969, 976 (9th Cir.2007). Almost all the delay in this case was attributable to Carreon’s' requested continuances, the government’s requested continuances in which Carreon acquiesced, Carreon’s interlocutory appeal, and the government’s continuances due to unavailable witnesses. These delays do not weigh in favor of Carreon’s claim. See Loud Hawk, 474 U.S. at 316-17, 106 S.Ct. 648; Barker, 407 U.S. at 531, 92 S.Ct. 2182; United States v. Drake, 543 F.3d 1080, 1085-86 (9th Cir.2008).
Second, Carreon asserted his right to a speedy trial, but he requested continuances and acquiesced in the government’s *879 requested continuances after that assertion. Those continuances undermined his assertion of the right. See King, 483 F.3d at 976.
Third, the record shows the California Court of Appeal was correct to find that Carreon did not demonstrate prejudice due to the delay. It was Carreon’s lack of diligence in staying in touch with the witness Joanna Osuna — and not the delay itself — that caused her absence. See United States v. Guerrero, 756 F.2d 1342, 1350 (9th Cir.1984). Carreon’s trial commenced on August 18, 2010. The defense’s investigator first contacted Osuna, a security guard, in September 2009. Osuna told the investigator she was willing to speak with him but first needed her employer’s permission and would contact the investigator once she obtained it. At that time, the investigator knew Osuna’s address and her employer’s address, but did not serve her a subpoena or otherwise attempt to procure her testimony. The investigator did not attempt to contact Osuna again until weeks before trial almost a year later, in August 2010. At that point, the investigator learned Osuna had, moved on from her last known address and job about ten months before. The investigator then served a subpoena on Osuna’s former employer to obtain Osuna’s contact information, but the compliance date on the subpoena was August 30, 2010. Despite the subpoena return date, Carreon declared he was ready for trial on July 30 and August 12 and the court set trial for August 16. Then, on August 16, Carreon filed his motion to dismiss based on a violation of his Sixth Amendment speedy trial right, relying primarily on his inability to locate Osu-na as the alleged prejudice.
Our dissenting colleague would excuse defense counsel’s lack of diligence. Ninth Circuit precedent forecloses that position. We have held there must be a “causal relationship between the delay and the unavailability” of the missing witnesses. Guerrero, 756 F.2d at 1350; see also Gregory, 322 F.3d at 1163 (“The prejudice with which we are concerned is prejudice caused by the delay that triggered the Barker inquiry, not simply any prejudice that may have occurred before the trial date but unrelated to the fact of the delay itself.”). Guerrero involved a 31-month delay in bringing the defendant to trial, and the defendant argued that the delay prejudiced him because he could not locate two witnesses. Guerrero, 756 F.2d at 1349-50. We found it was the defendant’s lack of diligence, and not the delay that caused the witnesses’ absence:
Although the defense knew as early as July 1980 that these witnesses would be helpful in establishing an alibi defense, it made no attempt to keep, in touch with them. The defense did not have these witnesses under subpoena and did not attempt to locate them until July 1982, even though it was aware of the probability of having to defend against these charges. Thus, we cannot find that the delay was the cause of the loss of these witnesses.
Id. at 1350. The same can be said of the defense in this case. California law authorizes defendants to subpoena a witness to procure her attendance at trial[1] and to take a witness’s deposition if the defense is concerned the witness will not be able to attend trial. See CahPenal Code §§ 1326(a), 1336(a). But Carreon’s counsel did not take advantage of either of these methods to ensure that' the jury would hear Osuna’s testimony. Further, the investigator did not start looking for *880 Osuna until weeks before trial. Defense counsel compounded the harm caused by his lack of diligence by announcing he was ready for trial despite knowing it was a matter of weeks before he would obtain Osuna’s contact information. And nothing in the record suggests the trial court would have denied defense counsel a further continuance based on Osuna’s unavailability had the defense so moved. Indeed, the trial court had granted the government several continuances due to unavailable witnesses. As a result, the delay did not cause Osuna’s absence. See Guerrero, 756 F.2d at 1350.
Carreon may have a claim for ineffective assistance of counsel due to the defense counsel’s conduct, but he does not have a claim under the Speedy Trial Clause of the Sixth Amendment. Because the Barker factors weigh against Carreon’s claim, the California Court of Appeal was correct to find Carreon’s Sixth Amendment right to a speedy trial was not violated.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. A witness can be subpoenaed to be ''on-call” for a period of time. See People v. Perez, 207 Cal.App.3d 431, 436-37, 254 Cal.Rptr. 869 (1989).